Pearson, J.
 

 The bill alleges that, in January 1848, the plaintiff, Cox, purchased of one James P. Davis, the intestate of the defendants, a tract of land, for the price of $860, and to secure the payment thereof, executed two notes, one for $500 and the other for $360, with Windal Davis, the intestate of the other plaintiffs, as surety: that at the time of the purchase, the said James P. Davis said, he was not then able to make title, but promised to do so, before the first of the said notes fell due, and executed an instrument, under seal, by which he acknowl
 
 *527
 
 edged “that he had received the said two notes in payment for the land, and bound himself to defend the land to the said Cox and his heirs absolutely and forever that the intestate of the defendants had purchased the land, at a sale made by the Clerk and Master, and had given his notes for the purchase money, but died in March 1848, without paying for the land and before he had obtained a title therefor : that the defendants in April 1848 administered upon the estate of the said James P. Davis, and soon afterwards brought suit upon the first note, and have taken judgment, and intend issuing execution, and also intend to put the other note in suit. The prayer is, that the defendants be enjoined from issuing execution and from sueing on the other note, and for general relief.
 

 The defendants admit the several allegations of the bill, but aver that the plaintiff, Cox, at the time he purchased, knew that their intestate had not obtained title for the land, and that he could not get title, until his notes to the Clerk and Master were paid. They also aver that the estate of their intestate is entirely solvent, and insist that as the plaintiff Cox, has taken possession of the land, they ought not to be restrained from collecting the money due the estate of their intestate, and that the plaintiff, Cox, should be left to his action for a breach of the bond or contract of sale. They further insist that, as administrators, they have no power to make title — the purchase money not having been paid — and that the heirs at law of their intestate ought to have been made defendants.
 

 We concur with the Judge below, and think the injunction ought not to have been dissolved. It is clearly against equity to compel the purchaser to pay the price, before he has obtained a title, and when it may be, he never will be able to get one.
 

 Whether the plaintiffs can bring on the cause for a final hearing as the bill is now framed and with the pres
 
 *528
 
 ent parties, is a matter for their consideration. They can hardly expect to be allowed the land and have a perpetual injunction against the collecting of the purchase money. The contract ought to be specifically performed, or else set aside, if those representing the vendor are unable to complete the title.
 

 This opinion will be certified to the Court below. The defendants must pay the costs in this Court.
 

 Per Curiam.
 

 Ordered and decreed accordingly.