PearsoN, J.
 

 In January, 1850, the parties entered into a contract, by which the plaintiff agreed to sell to the defendant a tract of land, for which the defendant was to give $4,000., secured by notes to be executed on the 1st day of September following, at which time the plaintiff was to execute a good and sufficient deed in fee simple. By the same contract, the plaintiff agreed
 
 *290
 
 to sell to the defendant two negroes, for which the defendant was. to make payment in cash, on the said 1st day of September, when the plaintiff was to deliver them and execute title. The bill is for a specific performance. The defendant admits the contract, but avers that some three months after he had entered into it, he was informed that the plaintiff did not have a good title either to the land or negroes, and upon this ground refuses to perform the contract. The plaintiff is unmarried and about twenty-five years of age.
 

 The only question is, whether the plaintiff has a good title? and this depends upon the construction of the will of his father, John M. Motts, By it the land, negroes and money are given to each of his seven children. The land and the two negroes in controversy, are given to the plaintiff. The will contains this clause :
 
 “
 
 9th. It is also my will and desire, that if any of my children shall die without leaving any children or descendants
 
 at the time of their
 
 death, or without having such
 
 born after their
 
 death, then it is my will that such property as is hereby given to such child or children, be sold by my executors and equally divided between
 
 all
 
 of my children.”
 

 It is very clear that the words
 
 u
 
 born after their death,” were inserted to provide for the case of one or more of the children of the testator dying without a child living, but leaving a wife
 
 enci-ente
 
 ; and the manifest meaning of this clause is, to limit over to the surviving children, alb the property given to one who dies without leaving issue living at his death, or having issue born within a few months after his death.
 

 In regard to such limitations over, the rule is, that they must be so made as to take effect (if they take effect at all) within a life or lives in being, and twenty-one years, and a few months for gestation. In the case under consideration, the limitation over, if it takes effect at all, must take effect within a life in being, viz., that of some one of the testator’s children, and a few months for gestation : so the limitation is not too remote, and the plaintiff takes a fee determinable upon his death without having issue living at’his death, or issue born within a few months thereafter. Consequently, he cannot pass a good and absolute estate, in fee simple.
 

 
 *291
 
 This is a case of a fee limited upon a fee by way of executory devise. It is settled that the taker of the first fee cannot defeat the second fea by a common recovery or a fine, and it may well be said to be doubtful whether he can bar the second fee by bargain and sale with warranty, which in the event of his dying without having issue at his death, will fall on the persons entitled to the second fee : for in
 
 Spruill
 
 v.
 
 Leary,
 
 at the last December Term, 12 Ire., this Court was divided upon the question, and in
 
 Myers
 
 v.
 
 Craig,
 
 at the last June Term, the same question, after argument, was held under an
 
 advisari.
 

 A Court of Equity never compels a purchaser who has bargained for a good title to accept a doubtful one, and depend on covenants and warranties for its support. The plaintifF has not attempted or offered to perfect his title, by proving releases from his brothers and sisters, to whom the second fee is limited over.
 

 Pee. Curiam. Bill dismissed, with costs.