Battle, J.
 

 The main allegation upon which the plaintiffs base their claim for injunctive relief is, that the defendant had not made and is not able to make to them a good title for. the real estate mentioned in the bill. This allegation as to the ability to make a good title, is positively denied by the answer, and the defendant therein sets forth an abstract of his title, avers it to be a good and indefeasible one, and tenders what he says is a sufficient deed, to be delivered upon the payment of the purchase money. His Honor in the court below, deeming this a positive and une-quivocal denial of the ground of the plaintiff’s equity, on motion of the defendant’s counsel, dissolved the injunction which had been granted upon the filing of the bill. In this we think his Honor erred, for that he ought to have continued the injunction, not until the hearing but until there could be a reference to the Master and a report from him as to the sufficiency of the defendant’s title. That such is the the English practice is shown by Adams’ Equity, p. 84.
 
 *224
 
 A similar practice prevails in this State,, as appears from the case of
 
 Gentry
 
 v. Hamilton, 3 Ire. Eq. 376, in which the court says: “ It is a general rule in a suit for specific performance in which the single question is whether the vendor can make a good title, that the court at the present day directs a reference to the Master to inquire into the title, and this even without the consent of the other party.
 
 Brook
 
 v. Clarke, 1 Swan. 551;
 
 Shelton’s case,
 
 1 Ves. & B. 519. Atkinson, on ‘ Title ’ 226, says that either party to the suit is, as a matter of right, entitled to have a reference upon the title.”
 

 The interlocutory order dissolving the injunction must be reversed, and the cause remanded for further proceedings in the court below.
 

 Per Curiam.
 

 Order accordingly.