GEORGE HOWARD v. JOSEPH W. KIMBALL.

When a purchaser of land, upon taking a bond for title, gives in payment therefor a note expressing on its face that it is so given, the note itself will be notice of the vendee's equity in case the title of the land shall prove defective, and an assignee or holder of the note cannot, in case of such defect in the title of the land, recover on the note though he took it before it became due.

A purchaser of land is entitled to all that he bargained for, and is under no obligation to accept a part only, with warranty as to the other part, or to accept compensation, unless the part as to which a good title cannot be made, does not materially affect the value, and it is seen that the objection is not taken upon the merits, but only as a pretext to get rid of the purchase.

In a suit upon a note, expressed on its face to have been given for the purchase of a tract of land, the title to which has proved defective, as the plaintiff cannot recover upon the note, the proper judgment now to be rendered is, that the contract of sale be rescinded, and that the title bond and note be cancelled, so as to effect what would have been done in equity under the old mode of procedure.

The case of Cox v. Jarman, 6 Ire. Eq. 556, cited and approved.

This was a civil action submitted to his Honor, *Judge Jones,* at the Fall Term, 1870, of EDGECOMBE Superior Court, upon the following case agreed :

On the 1st day of January, 1867, B. B. Nicholson contracted to sell to J. W. Kimball, the defendant, a tract of land for which two notes for $1,000 each, payable on the 1st of January, 1868 and 1869, with interest from date, were given in part payment. The notes expressed on their face to be in payment " on the Rocky Swamp tract of land." Nicholson gave to Kimball a bond to make title to the land upon the payment of the purchase money. In the Spring of 1867, Nicholson purchased of one David W. Bullock a tract of land, and in payment of the same, and for the stock on it, endorsed the said notes in blank and handed them to Bullock, he, Bullock, at the time being aware that Nicholson had given bond to make title to the tract of land he had sold to the defendant, Kimball.

During the year 1867, Kimball learned for the first time that probably Nicholson's title was defective, and thereupon gave notice to plaintiff, who was about to receive the said notes from Bullock in a trade, that he should not pay them, and that plaintiff after such notice took them from Bullock in a trade with him. The plaintiff admits that there is a defect in the title of Nicholson to part of the land sold to Kimball. The tract consisted of about 400 acres, and at the time of the sale, embraced two tracts, one known as the Kyle tract, containing about 250 acres, and the other, as the Slade tract, containing about 150 acres. There is a dispute in regard to Nicholson's title to the Kyle tract, and an action of ejectment is now pending or is threatened, to recover the said land. There is also a claim adversely to Nicholson's title to an interest of two-fifths by minor heirs in the Slade tract, and the two tracts were sold to Kimball as one entire tract.

The plaintiff further admits that the two notes were given

as the first and second payments for the Rocky Swamp tract of land, and this fact is so stated on the face of the notes.

Some time afterwards, Nicholson becoming involved, made a conveyance to Bullock of the land sold to Kimball, in trust, to convey to Kimball when the notes should be paid, and when Bullock passed the notes to the plaintiff, he made a like conveyance of the land to him. The conveyance to Bullock was made before the discovery of any defect in the title of Nicholson, and the conveyance to the plaintiff afterwards. Nicholson is a bankrupt and has obtained his discharge as such. When Bullock received the notes he executed an absolute conveyance of the land he sold to Nicholson.

His Honor upon this case agreed, was of the opinion that the plaintiff could not recover upon the notes; and a judgment accordingly and for costs was entered upon the record of the Court, and the plaintiff appealed.

*Bragg & Strong*, for the plaintiff.
*Busbee & Busbee*, for the defendant.

PEARSON, C. J. 1. Suppose Nicholson, the original vendor, had kept the land, then upon the facts agreed, Kimball, the vendor, would have had a clear equity to rescind the contract of sale, on the ground of a defect in the title, to a substantial part of the thing sold. A purchaser is entitled to all that he bargains for, and is under no obligation to accept a part, with warranty as to the other, or to accept compensation, unless indeed the part, as to which a good title cannot be made, does not materially affect the value, and it can be seen that the objection is not taken upon the merits, but as a pretext to get rid of the bargain.

2. As Nicholson endorsed the notes in blank to Bullock, before maturity, there is a presumption that he purchased without notice; but this presumption may be rebutted by

12

proof of any fact that should put a man of ordinary prudence upon inquiry. We think the fact of the notes not being in the usual form of promises to pay money " for value received," but expressing on the face that they were given for the purchase money of the Rocky Swamp tract of land, was ,sufficient to put Bullock on inquiry, and to fix him with notice, that the notes could not be collected, unless a good title be made to Kimball. *Cox* v. *Jerman*, 6 Ire. Eq. 526. In this way significance is given to the words referred to, otherwise they must be treated as idle and superfluous.

It is said notice that the notes were given as the consideration of the Rocky Swamp tract of land does not amount to notice of a defect in the vendor's title. That may be so, but it does amount to notice of the vendee's equity, provided it turns out that the title is defective.

If a vendee executes a plain note of hand, this equity may be defeated by a transfer of the note, before it is due, but when he takes the precaution to set the fact out in the face of the note, unless it has the effect of notice, the vendor may in every instance defeat the equity of the vendee by making haste to dispose of the note, and thus the vendee will be deprived of an equity without default on his part.

The fact that Bullock took a deed for the land from Nicholson in trust to convey to Kimball on payment of the purchase money, substituted Bullock in the place of Nicholson, and put him in the relation of vendor in respect to Kimball. He was to receive the whole of the purchase money and to make title, according to the original contract of sale.

3. Such being the equity of the defendant as against Nicholson and Bullock, it is so beyond all question in regard to the plaintiff, for he had positive notice of the defect in the title before he purchased the notes, and he also took a deed for the land in trust to make title on payment of the pur-

chase money, and took upon himself the relation of vendor towards the defendant.

We concur with his Honor, that the plaintiff was not entitled to judgment, but the judgment rendered for the defendant is erroneous in this: it discharges the defendant from the payment of the purchase money, but leaves the bond for title in his hands, as a cloud over the title of the plaintiff.

The judgment ought to have been, that the contract of sale be rescinded, and the title bond and the notes be cancelled, so as to effect what would have been done in equity under the old mode of procedure.

Such judgment will be entered, and each party will pay his own cost.

PER CURIAM.                          Judgment accordingly.