FERRISS *v.* TAVEL.

(*Nashville.* February 23, 1889.)

1. BILLS AND NOTES. *Given on parol sale of land, voidable when.*

Negotiable notes, given for land sold by parol contract, are voidable, at maker's option, before, but not after, they have been acquired by a *bona fide* holder, for value, in due course of trade.

2. SAME. *Indorsement. Notice. Recitals in Note.*

An indorsee of negotiable paper, protected in other respects against pre-existing defenses, is not put upon inquiry and thereby affected with constructive notice of the voidable character of notes given in consideration of parol purchase of lands, by the recital on their face that they were given for lands therein specifically described.

Cases cited and approved: 38 Ind., 15; 38 Iowa, 126; 34 Ind., 380; 22 Ohio St., 558; 109 Mass., 36; 8 Neb., 12; 26 Mich., 410, 254.

Cited and disapproved: 65 N. C., 178 (S. C., 6 Am. Rep., 739); 6 Ire. Eq., 526.

3. SAME. *Same. For pre-existing debt.*

Indorsee, taking negotiable notes in payment of pre-existing debt, holds them subject to all defenses available against the prior holder, *e. g.*, the defense that they were given in consideration of parol purchase of lands.

---

FROM DAVIDSON.

---

Appeal from Chancery Court of Davidson County. ANDREW ALLISON, Ch.

VERTREES & VERTREES for Complainants.

EAST & FOGG and J. P. HELMS for Respondents.

CALDWELL, J. On the fourth day of March, 1887, defendant Tavel, by parol contract, sold to complainants a block of town lots, supposed to contain eight acres, for the price of $8,000, one-half in cash and the balance in six and twelve months. The deferred payments were evidenced by two notes for $2,000 each. Tavel indorsed one of these notes to defendant Hickman and the other one to defendant White.

After this, and when it was ascertained that the ground in fact contained only about five or six acres, and that Tavel's vendor had a lien for purchase money on the land which he refused to release, the trade between Tavel and the complainants was rescinded, by mutual agreement, Tavel binding himself to return the cash and the notes received from the complainants. The cash was returned, but, as the notes had been indorsed, they were not returned.

This bill was brought to restrain the collection of the notes, and to have them surrendered and canceled.

Complainants allege that the contract between them and Tavel for the sale and purchase of the land was void because not reduced to writing; that the consideration for the notes has failed; and that the indorsees of the notes knew these facts and took the notes, not in due course of trade, but as collateral security for pre-existing debts.

Hickman and White answer separately, and in

their respective answers insist that they are innocent holders of said notes for value, and that the same are valid and subsisting debts, in their hands, against the complainants.

Upon these pleadings and full proof the Chancellor heard the cause, and decreed:

*First*—That as between complainants and Tavel the notes were without consideration and void.

*Second*—That White was an innocent holder of negotiable paper for value, and in due course of trade, and that he was entitled to retain his note and recover upon it.

*Third*—That Hickman took the note held by him with notice and in payment of a pre-existing debt, and that the same should, therefore, be surrendered and canceled.

Complainants appealed from so much of the decree as refuses them relief against White, and Hickman appealed from that part of it directing the surrender and cancellation of his note.

The proof shows that White took the note from Tavel in payment of a debt created at the time, and without *actual* notice of any fact that would defeat the collection of the note. But it is argued that the recital in the face of the note that it was given for the "third payment on twenty-eight lots in Rains' Addition, Ninth District, this day purchased of Albert Tavel," was sufficient to put White upon inquiry, and charge him with notice that the sale of the lots was verbal, and, therefore, not binding upon either

party, and that with such notice the indorsee of a purchase-money note cannot be allowed to collect it after a rescission of the sale.

There is no longer any question in this State that either party to a parol sale of land may, at his election, abandon the contract and avoid all its obligations. This is so well settled that a citation of the decisions so holding is entirely unnecessary.

We have no case in Tennssee, however, deciding that the statement, in the face of a negotiable note, that it was given for land will put an indorsee upon inquiry, and charge him with notice of the nature and infirmity of a voidable contract.

The precise question seems to have arisen and been decided against the holder of the note in North Carolina. In *Howard* v. *Kimball*, 65 N. C., 178 (S. C., 6 Am. R., 739), the Supreme Court of that State said:

"We think the fact of the notes not being in the usual form of promise to pay money 'for value received,' but expressing on the face that they were given for the purchase money of the Rocky Swamp tract of land, was sufficient to put Bullock on inquiry, and fix him with notice that the notes could not be collected unless a good title be made to Kimball," citing *Cox* v. *Jerman*, 6 Ire. Eq., 526.

These two cases seem to stand alone, with the great current of authority against them. Among the many cases announcing a different doctrine are the following: *Doherty* v. *Perry*, 38 Ind., 15; *Bank*

v. *Barrett*, 38 Iowa, 126; *Hereth* v. *Bank*, 34 Ind., 380; *Sackett* v. *Kellar*, 22 Ohio St., 558; *Taylor* v. *Curry*, 109 Mass., 36; *Heard* v. *Bank*, 8 Neb., 12.

The foregoing are cases in which the consideration was recited in the face of the note. Upon the same or a kindred principle it has been decided that notice not so imparted, but otherwise obtained, that a note was given for a patent right, was not sufficient to put an indorsee upon inquiry so as to preclude his becoming a *bona fide* holder. *Borden* v. *Clark*, 26 Mich., 410; *Miller* v. *Finley*, *Ib.*, 254.

It has also been held, on the contrary, that independent knowledge of the consideration of a note, when taken by the indorsee, lets in against him any defense touching the consideration which could have been made against the original payee. *Thrall* v *Horton*, 44 Vt., 388.

So a plea of failure of consideration has been sustained in a case where, in addition to such notice of the consideration, the indorsee, at the time of taking the note, had knowledge that the consideration would likely fail. *Harris* v. *Nichols*, 26 Ga., 414.

Mr. Daniel says:

"The mere statement of the consideration in a bill or note does not put the holder upon inquiry whether or not it really passed, or has failed in any respect. It is rather assuring than otherwise, for it is evidence, if the note be genuine, that it was given for value, and the specification of what

value can no more challenge the holder's investigation than the omission of such specification. In legal effect it does not qualify the paper in any manner." 1 Daniel, Neg. Inst., Sec. 797.

In accord is Wade on the Law of Notice (2d Ed.), Sec. 94a.

Following the weight of authority, and what is regarded as the better public policy, we hold that the statement of the consideration in the face of the note did not impair its negotiability, and should not be allowed to prejudice the right of White to enforce its collection. The statement is not altogether superfluous. It would fill the office of identifying the note as one given for the purchase money of land in a case where its identification as such became important. Such cases are frequently before the Courts.

Had the complainants desired to make the note payable *on condition* that their contract for the land should be completely executed, or had it been their purpose to charge third parties with notice of any equities existing against the payee of the note, they should have so stated in or on some part of the note itself. That would have carried full knowledge to White, and afforded complainants perfect protection.

That Hickman took the other note in payment of a pre-existing debt is a proposition so clearly established by his own evidence and that of Tavel that it does not admit of debate. Such being true, it is well settled, by a long line of decisions

Ferriss *v.* Tavel.

of this Court, that he holds the note subject to the same defenses and all the defenses that could be made available against Tavel, the original payee.

The very skillful' arguments of counsel, made for the purpose of taking this case out of the operation of that rule, though plausible, are unsound and unavailing.

It being shown that there was a failure of consideration, and a voluntary rescission of a voidable contract under which the note was executed, there is no room for contending that Tavel could now compel the complainant to pay the note. It follows that Hickman, who received it for a pre-existing debt, and therefore stands upon no higher ground than Tavel, cannot collect it.

The decree is affirmed. Complainants will pay one-half the costs of this Court and Hickman the other half.