## J. P. LEACH v. L. D. JOHNSON.

*Action to Enforce Contract for Purchase of Land—Vendor and Vendee—Defective Title—Judgment Liens—Homestead.*

1. Where one contracts for the purchase of land without any agreement for a warranty of title and, thereafter and before the execution of a deed, encumbrances are discovered, he cannot be compelled to take the defective title or to pay the bonds given for the price of the land, for an agreement to take a deed without warranty is not a waiver of the right to demand a clear title.

2. Where a homestead was allotted to a judgment debtor on judgments docketed in 1873–1875, the lien of the judgments was not barred by the lapse of time in 1891.

ACTION on bonds given by the defendant to the plaintiff for the purchase of land, tried before *Shuford, J.*, and a jury, at Fall Term, 1892, of HALIFAX Superior Court.

There was judgment for the defendant, and plaintiff appealed.

The facts are stated in the opinion of Associate Justice CLARK.

*Mr. Thomas N. Hill*, for plaintiff (appellant).
*Mr. R. O. Burton*, for defendant.

CLARK, J.: The facts admitted by the parties or found by the jury are that the plaintiff, personally and not as agent for his wife, contracted to sell the land to the defendant for $1,435, of which $200 was paid in cash. Bonds were given by defendant for balance of purchase-money, plaintiff giving him an obligation to make a deed without warranty on payment of said bonds. The defendant did not know that there were judgment liens on the land, and before discovering them he paid in all $500 on the bonds.

After discovering such liens he refused to pay more. Thereupon plaintiff tendered him a deed executed by himself and wife and demanded payment. The defendant having refused to accept such deed and pay the balance of purchase-money, the plaintiff brought this action, in which his wife did not join. The title to the land was in the wife, subject to judgment liens. The jury further find that the value of the land at the time of the sale to defendant was $800.

A different principle applies in the case of the discovery of encumbrances before the execution of the conveyance and afterwards. This is supported by an unbroken line of decisions. 2 Warvelle on Vendors, 943. The reason is that after the deed has passed the vendee must rely on his covenant; but before it has passed the law will not compel a man to take a defective title, especially when he has not contracted for any warranty or has agreed to take the title without warranty. *Batchelor* v. *Macon,* 67 N. C., 181; *Miller* v. *Feezor,* 82 N. C., 192; *Hughes* v. *McNider,* 90 N. C., 252; *Cox* v. *Jerman,* 41 N. C., 526; *Howard* v. *Kimball,* 65 N. C., 175; *Motts* v. *Caldwell,* 45 N. C., 289; *Castleberry* v. *Maynard,* 95 N. C., 281; *Kilpatrick* v. *Harris,* 62 N. C., 222; *Clanton* v. *Burgess,* 17 N. C., 13.

Unless the vendee has otherwise agreed it is his undoubted right to demand a clear title. 1 War., *supra,* 315. That the vendee agreed to take a deed without warranty is not a waiver of the right to demand a clear title; on the contrary, the fact that a warranty in the conveyance is waived is all the stronger reason why the vendee should insist upon the cancellation of all liens and encumbrances, since he will have no warranty to fall back upon if the title should prove to be defective. The vendee in such case is not cut off from his rights till he has paid the purchase-money and taken the deed. The plaintiff contracted to

sell his own title. He had none. He now offers that of his wife. He thus seeks to perfect a title, but when he does so he must not offer a defective one. *Herren* v. *Rich*, 95 N. C., 500. It is true the defendant contracted by bond to pay the amount sued for; but the consideration is recited to be the conveyance of this land. The obligation on the part of the plaintiff to execute a conveyance without warranty is not an agreement on the part of the defendant to take a defective title. The agreement is simply that if the purchase-money is paid and the deed accepted the vendee shall have action thereafter against the vendor if the title shall prove defective.

The homestead having been allotted, the lien of the judgments was not barred by the lapse of time when this deed was tendered nor when this action was tried, and the amount of such liens with interest and costs exceeded the value of the land as found by the jury.

No Error.