JOHN R. IRVINE, ET AL., Appellants, *vs.* LAWRENCE MYERS & Co., Respondents.

#### APPEAL FROM THE DISTRICT COURT OF RAMSEY COUNTY.

In an action by one copartnership against another, the allegation of partnership whether as to the Plaintiffs or the Defendants is material, and its denial tenders an issue which it is the province of a jury to determine. The allegation need not be proved unless denied.

One copartner is not necessarily bound by the act of the other. There must be an authority, express or implied. Copartners are presumed to have authority to act on behalf of their firm, in all matters relating to the partnership business; but even in such cases the act of one partner, by which it is sought to bind the firm, should appear to be authorized or recognized by the others, or clearly within the general scope of the partnership business.

Complaint and answer, and judgment for Plaintiff on motion on the pleadings.

The complaint alleges a partnership of Plaintiffs and also of Defendants, in June, 1856; a sale and delivery of goods by Plaintiffs to Defendants at that time; a part payment; and neglect and failure to pay the balance.

John R. Irvine answers separately :

*1st.* No knowledge or information sufficient to form a belief as to whether Plaintiffs were partners doing business *under the firm* name of Lawrence Myers & Co.

*2d.* He denies the goods were purchased of the Plaintiffs at *his* request or with *his* knowledge or consent.

*3d.* He has no knowledge or information sufficient to form a belief as to whether the goods were ever sold to the firm of B. F. Irvine & Co.

*4th.* A want of information as to amount due.

Points and authorities of Appellant.

*First.*—That this action having been instituted in the partnership name of the Plaintiffs, it was necessary for them to aver that they were at the time when the cause of action accrued, as well as at the date of the commencement of said action, partners under the firm name of Lawrence Myers & Co.; and the traverse of such averment forms a material issue which the Plaintiffs are bound to prove in order to maintain

their action. *Forester et al. vs. Kirkpatrick et al.*, 2 *Minn. Rep.* 210; *Collyer on Part. Sec.* 673, *and cases cited* 685; *Norcross vs. Clark*, 15 *Maine* 80; 2 *Green. Evi. Sec.* 478, 483; *McGregor et al. vs. Cleaveland et al.*, 5 *Wend.* 476; *Cowden vs. Anderson*, 5 *T. R.* 709.

*Second.*—That where suit is brought against two or more Defendants, who were partners, on account of goods sold and delivered to the firm several years before, the denial of one of said Defendants that such goods were sold and delivered at his request, or with his knowledge and consent, is sufficient to put the Plaintiffs to the proof, that they were sold and delivered at his request or with his knowledge and consent; or that such goods were purchased by one of the partners of the concern within the legitimate scope of his authority as a partner. *Munn vs. Barnum*, 12 *How. Pr.* 563; *Mier vs. Cartledge*, 8 *Barb.* 79, *wrong to strike out answer verified.*

*Third.*—That the separate answer of one of the several Defendants, sued to recover the value of goods, &c., alleged to have been sold and delivered to the firm of which he was a member; that he has no knowledge or information sufficient to form a belief whether such goods were ever sold and delivered to said firm, of the value of $537 37, or any other value, or whether the sum claimed to be due, or any other sum is due or owing to the Plaintiff, forms a material issue and puts the Plaintiff to the proof of the sale and delivery, the value of the goods, and the amount due, if any. *Morton et al. vs. Jackson*, 2 *Minn. R.* 219; *Flood vs. Reynolds*, 13 *How. Pr.* 112; *Snyder vs. White*, 6 *How. Pr.* 323, 324; *Nichols vs. Jones*, 6 *How. Pr.* 358; *Whittaker's Pr.* 267.

*Fourth*—That after a Defendant has once appeared in an action he is entitled to notice of all future proceedings therein; and the entry of judgment is such a proceeding as requires notice, and it is error if entered without giving it. 8 *How. Pr.* 18. A denial of sufficient knowledge where the fact was within his knowledge. Distinction between presumption of law and presumption of fact. *This is a fact*—the presumption of law is that Defendant knows the fact.

Points and authorities of Respondents.

Irvine et al. *v.* Myers & Co.

*First.*—The allegation as to the partnership of Plaintiffs is an immaterial one, and the denial of it raises only an immaterial issue. The complaint alleges that Plaintiff sold the goods, which is not denied. They have thus a joint interest, and it is not material whether they are in partnership or not. *Freeman vs. Curran et al.* 1 *Minn.* 169.

(A.) Again the answer only denies that Plaintiffs were partners under the firm name of Lawrence Myers & Co.—a negative pregnant, fairly implying that they were in partnership under some name. A negative pregnant raises no issue. *Van Santvoord's Pleadings*, 425 *and* 426. *Mier vs. Cartledge*, 4 *How. P. R.* 115 ; 8 *Barb.* 75 ; 6 *How. R.* 159 ; 14 *Barb.* 533 ; 1 *Abbott*, 187.

*Second.*—As to whether the goods were purchased at the request or with the consent of the Defendant John R. Irvine, is certainly immaterial. The complaint alleges John R. Irvine and B. F. Irvine to have been partners, and that the goods were sold to *them*, and at their request. Those allegations are not denied. Of course John R. Irvine would be bound by the acts of his partner, though his allegations were true.

*Third.*—A denial of information sufficient to form a belief as to whether the goods were sold or delivered to a firm of which he acknowledges himself a member is insufficient. He is bound to know, or at least to inform himself, and the law conclusively presumes he does know, and will not permit this form of denial where the facts are presumptively within a Defendant's knowledge. *Edwards vs. Lent*, 8 *How.* 28 ; *Fales v. Hicks*, 12 *How.* 153 ; *Chapman vs. Palmer*, 12 *How.* 38. The last case being precisely analagous to this ; *and see Voorhies' Code, 5th Ed., p.* 165, *title answer—denial.*

*Fourth.*—A want of information as to amount due is equally insufficient. It denies no allegation of fact in the complaint, even were it good as to form.

Again, it not being denied that Plaintiffs sold goods to Defendants, it is then admitted that Defendants have dealt with Plaintiffs as partners. This being so they cannot deny the partnership by a want of information or belief. Defendants are bound to know having dealt with Plaintiffs. All the allegations of the complaint, as to value of payment by Defend-

ants to Plaintiffs on account of the sales, payment of Plaintiff's drafts, &c., are admitted. Is not his plea of a want of information and belief then an insult to common sense ?

The judgment should be affirmed.

D. Cooper, Counsel for Appellants.

Allis & Peckham, Counsel for Respondents.

*By the Court.*—Emmett, C. J.   In an action by one copartnership against another, the allegation of partnership whether as to the Plaintiffs or the Defendants is material, and its denial tenders an issue which it is the province of a jury to determine. At common law, the averment that the Plaintiffs were partners had to be proved as alleged.   This was necessary even under the plea of the general issue, as that plea was construed as admitting only that there was a copartnership of some sort, but not that it was composed of the persons named in the declaration.   Under our practice the allegation need not be proved, unless there be a denial ; and there can be little doubt that the pleader in the present case not only deemed the allegation material, but made it in the expectation of proving it if denied.

It is now urged that the allegation that the Plaintiffs were partners, may and ought to be treated as surplusage, because they did not further allege that as such partners they sold to the Defendants the goods for which action is brought.   We cannot do so, however, without also disregarding the allegation that the Defendants were partners ; for it is not averred that the goods were sold to them as copartners, nor that they were purchased for the benefit of, or related to the business of the firm ; and unless the Defendants are to be held as copartners, then the allegation in the answer of Defendant John R. Irvine, that the goods were purchased without his knowledge, approbation or consent, would present another important matter for the consideration of a jury.   One copartner is not necessarily bound by the act of the other.   There must be an authority express or implied.   Copartners are presumed to have authority to act on behalf of their firm in all matters relating to the partnership business, but even in such a case it is im-

portant that the act of one partner, by which it is sought to bind the firm, should appear to be authorized or recognised by the others, or clearly within the general scope of the partnership business. What business the Defendants were engaged in as partners is not alleged, nor is it averred that the goods sold to them were in the line of or had the most remote relation to the business of their firm.

We think the Court erred in withholding the case from the jury and giving judgment for the Plaintiffs upon the pleadings, and we therefore reverse the judgment and award a new trial.