MUNROE v. WILLIAMS.

1. NON-SUIT.—There having been some testimony tending to establish the material allegations of the complaint, the sufficiency of the testimony should have been submitted to the jury, and therefore a non-suit was improper.

2. IBID.—EVIDENCE—PRINCIPAL AND AGENT.—Where a partnership sues on a written contract made with one of its members, alleging in its complaint that the party named was known by defendants to have been acting for plaintiffs, and oral testimony tending to prove this allegation was received without objection, a non-suit on the ground that the written agreement could not be varied by parol was improper, as a contract made by one person can be shown by competent evidence to have been made for the benefit of another.

3. IBID.—PARTNERSHIP—AMENDMENT.—The failure to allege the partnership of plaintiffs in the complaint must be objected to by demurrer, and cannot properly be raised on motion for non-suit. If the objection is raised by demurrer, an amendment permitting the necessary allegation should be allowed.

4. IBID.—ELECTION OF REMEDIES.—Where a contract for the sale of lumber reserves the title in plaintiffs until paid for, and plaintiffs sue to recover the contract price, and also on a *quantum meruit*, a non-suit on the ground that the contract cannot be enforced in this form of action should not be granted, as the plaintiffs could elect to sue for the debt without enforcing their mortgage, and, moreover, the objection has no application to the second cause of action.

Before FRASER, J., Marlboro, February, 1891.

Action by Munroe & Everett against Williams & Turley. The

case came to this court upon the following grounds, alleging error in a judgment of non suit: 1. Because his honor erred in granting the non-suit on the ground that the plaintiffs on their proof were not entitled to recover under the first or second cause of action in the complaint. 2. Because his honor erred in granting the non-suit, when there was testimony supporting both causes of action which should have been submitted to the jury. 3. Because his honor erred in granting non-suit when the complaint set up legal causes of action, and the testimony clearly entitled the plaintiffs to recover. 4. Because his honor erred in granting the non-suit on the ground that the plaintiffs did not show a contract made by the plaintiffs as a firm with the defendants. 5. Because his honor erred in granting the non-suit on the ground that the plaintiffs' testimony did not show performance of the contract on their part. 6. Because his honor erred in granting the non-suit on the ground that the proof made as to first cause of action was not sufficient to submit to the jury. 7. Because his honor erred in granting the non-suit on the ground that the allegations contained in the second cause of action were insufficient in not alleging the copartnership of plaintiffs and defendants. 8. Because his honor erred in granting the non suit on the ground of insufficiency of allegation in second cause of action, or on a motion for non suit, when the objection should have been made by demurrer and no such was made. 9. Because his honor erred in not allowing plaintiffs to amend second cause of action by inserting deficient allegation according to his holding. 10. Because his honor erred in granting the non-suit when there was no legal grounds justifying such a judgment in the case.

The defendants gave notice that in case the Supreme Court comes to the conclusion that there is error in the position taken by the presiding judge in granting the order of non-suit, they will insist that the judgment of the Circuit Court should, nevertheless, be affirmed on other grounds taken and urged by the defendants at the hearing of the case, to wit: 1. Because the testimony adduced by the plaintiffs shows that the plaintiff, D. H. Everett, has no title to the lumber, or any right to any part of the money claimed by plaintiffs. 2. Because no partnership was shown to exist between the plaintiffs. 3. Because no proof was

made of any partnership between the defendants. 4. Because no partnership was shown to exist between plaintiffs at the time of bringing action. 5. Because there was no proof made of the agreement alleged in the first cause of action. 6. Because there is no allegation of co partnership as to either plaintiffs or defendants in the second cause of action. 7. Because plaintiffs cannot contradict by oral proof the alleged contract between plaintiff N. C. Munroe and the defendants, set out in their first cause of action, and show that it was made with the plaintiffs. 8. Because the agreement alleged in the first cause of action in the complaint contains a conditional sale of the lumber by Munroe to defendants, and the supposed rights of plaintiffs under said agreement cannot be enforced in this form of action.

*Messrs. Townsend & McLaurin* and *T. W. Bouchier*, for appellants.

*Messrs. Dudley & Newton* and *Nettles & Nettles*, contra.

March 24, 1892. The opinion of the court was delivered by

Mr. Chief Justice McIver. This was an action to recover the value of certain lumber and timber alleged to have been delivered by the plaintiffs to the defendants. The complaint set forth two causes of action—one upon a special contract in writing, and the other upon an implied contract to pay what said lumber and timber, alleged to have been delivered by plaintiffs to defendants, was reasonably worth. It appears that the written contract, which is not under seal, a copy of which is incorporated in the complaint, purports, upon its face, to be a contract, not between the plaintiffs and the defendants, but between Neill C. Munroe, one of the plaintiffs, and the defendants, and it is signed "Williams & Turley" and "N. C. Munroe." The plaintiffs in setting forth their first cause of action in the complaint, after alleging that Neill C. Munroe and Daniel H. Everett are and were co-partners, at the time of making said contract, under the name of Munroe & Everett, and that Frank Williams and Dudley Turley are now, and were at the time of making said contract, co-partners under the name of Williams & Turley, allege that "the

defendants under their hand made a contract in writing with the plaintiffs, one of said plaintiffs, Neill C. Munroe. acting for the plaintiffs as a firm, which was understood and known by the defendants, and executing said contract for plaintiffs." In setting forth the second cause of action, there is no allegation of any co-partnership, either between the plaintiffs or between the defendants.

In their answer defendants set up several defences. First, a general denial of the allegations of the complaint, except such as are thereinafter specifically admitted, but admitting, in express terms, the co partnership between the defendants. Second, that plaintiffs failed to perform their part of the contract set forth in the complaint, and denying specifically any knowledge of the fact alleged by plaintiffs, that the plaintiff Munroe, in making said contract, was acting for Everett as well as himself, and denying that such was the case.

The plaintiffs, amongst other things, offered parol testimony, which was received without objection, tending to show that plaintiffs were co partners, and so known to be by the defendants; that they also knew that Munroe, in making the contract, was not acting for himself individually, but for the firm of Munroe & Everett; that defendants had repeatedly recognized Everett as one of the firm, and had offered to pay him his half of the amount due by them for lumber, and that plaintiffs had performed their part of the contract, and that defendants had several times promised to pay the amount of the account sued upon, but had failed to comply with any of their promises.

At the close of the testimony in behalf of plaintiffs, a motion for a non-suit was made by defendants, whereupon plaintiffs moved to amend their complaint "by making suitable allegations to complete the second cause of action." The motion to amend was refused, and the non suit was granted in a short order. which does not disclose the grounds upon which the non-suit was granted. The grounds upon which the motion for non-suit was made, as well as the grounds upon which such motion was granted, not appearing in the "Case," as prepared for argument here, we are compelled to gather them, as best we may, from the plaintiffs' grounds of appeal, as set forth in the record, and from the addi-

tional grounds upon which the defendants have given notice that they would ask this court to sustain the judgment below, likewise set forth in the record, in the light of the argument as presented by the respective counsel.

If the non-suit was granted upon the ground of a want of evidence to establish the allegations of the first cause of action, as seems to be implied by the plaintiffs' first, second, third, fifth, and sixth grounds of appeal, then we think there was error. The rule is well settled, that in reviewing a judgment of non-suit, this court does not undertake to inquire into the *sufficiency* of the evidence adduced to sustain the allegations of the complaint, but the inquiry is whether there is *any* evidence to that effect, for unless there is a total absence of evidence tending to establish one or more of the material allegations of the complaint, a non-suit cannot properly be granted. An examination of the evidence, as set out in the "Case," does not show any such total absence of testimony. On the contrary, there was certainly some testimony tending to establish each one of the material allegations of the complaint, and whether it was sufficient to do so should have been left to the jury. These remarks apply also to the first, second, third, fourth, and fifth of the additional grounds, for there certainly was some testimony as to each of the matters therein referred to. Indeed, as to the third and fifth of these grounds, there was an express admission in defendants' answer.

If, however, the non-suit was granted upon the ground that the written contract set out in the plaintiffs' first cause of action, and filed as an exhibit to defendants' answer, purported to be a contract with Neill C. Munroe and not with plaintiffs, and could not be varied by oral testimony, as seems to be implied by plaintiffs' fourth ground of appeal and defendants' seventh additional ground relied upon to support the judgment below, then we think it cannot be sustained. The sole question presented by these grounds is whether a contract in writing, not under seal, purporting to be made by defendants with one person, can, by any competent evidence, be shown to have been made by such person, not for himself individually, but for the benefit of another; for as the "Case" shows that the oral testimony tending to prove that the contract here, though appearing

to be made with Munroe, was understood at the time by both
parties to be made with the plaintiffs, was received without objec-
tion, and thereby rendered competent, we are relieved from the
necessity of inquiring whether such testimony, if objected to,
would have been competent.

In *Dupont* v. *Mount Pleasant Ferry Company*, 9 Rich., at
page 258, Withers, J., makes the following quotation from Story
on Agency, section 160, which seems to be decisive of the ques-
tion, to wit: "If the agent possesses due authority to make a
written contract not under seal, and he makes it in his own name,
whether he describes himself to be agent or not, or whether the
principal be known or unknown, he, the agent, will be liable to
be sued and be entitled to sue thereon, and his principal also will
be liable to be sued, *and be entitled to sue thereon* (italics ours),
in all cases, unless, from the attendant circumstances, it is clearly
manifested that an exclusive credit is given to the agent, and it
is intended by both parties that no resort shall, in any event, be
had by or against the principal upon it." Judge Withers goes
on to cite sections 394 and 395 of the same work, where, in the
notes, numerous examples are given where the agent, as well as
the principal, may sue. The same doctrine was plainly recognized
by Mr. Justice McGowan in *Harris* v. *Railroad Company*, 31
S. C., 87, though the case is not precisely in point. Now, in this
case there certainly was testimony tending to show that Munroe,
in entering into the written contract with the defendants, was
acting, not for himself individually, but as agent for the plaintiffs,
and that this was known to the defendants. If these facts were
established to the satisfaction of the jury, then, under the above
authorities, the plaintiffs could maintain this action, and there
was, therefore, error in granting the non-suit upon the ground
indicated above.

The plaintiffs' seventh and eighth grounds of appeal, and the
defendants' sixth ground, present the question, whether the non-
suit could properly be granted upon the ground that there
is no allegation of partnership either between the plain-
tiffs or the defendants in the complaint setting forth the
second cause of action. While this defect in the complaint may
constitute ground for a demurrer, we do not see that it would

37—35

furnish any ground for a non-suit.  The defect relied upon is in stating the plaintiffs' case, not in the testimony offered to sustain it.  Treating the objection, however, as made by a demurrer, we think there was error in refusing leave to amend, as it was just one of those cases where the plaintiffs should have been permitted to amend.  *Bischoff* v. *Blease*, 20 S. C., 465.

It only remains to consider defendants' eighth ground, upon which they claim the judgment of non suit can be supported.  This ground is, that the contract, as set forth in the complaint on the first cause of action, shows a conditional sale of the lumber, and that the plaintiffs' rights "cannot be enforced in this form of action."  This ground is based upon the fact, that in the contract the title to the lumber is reserved until the purchase money was paid.  This, at most, amounts to nothing more than a mortgage, and we see no reason why the plaintiffs may not elect to sue for the debt instead of enforcing their mortgage.  In view of the fact, that this objection would have no application to the second cause of action, the statement of which we have held should have been amended so as to meet the objection raised on the ground of a want of allegation of partnership, this ground loses all practical importance, and would, in no view, be sufficient to sustain the judgment of non-suit.

The judgment of this court is, that the judgment of the Circuit Court be reversed, and that the case be remanded to that court for a new trial.