## D. M. OSBORNE & Co. v. JOSIAH CONNOR *et al.*
### No. 77.

1. TITLE-NOTE — *Contract Construed — Ownership of Property.* Where C., in payment of the purchase price of a binder, executed and delivered to O. several promissory notes, each containing the provision that the title, ownership and right of possession of said binder should not pass from O. until said notes should be paid in full, that the payee might take possession of said machine at any time he might deem himself insecure, without rescinding the contract of sale for which they were given, and sell the same, at public or private sale, and apply the proceeds thereof to whateve.

Osborne v. Connor.

sum might then be due on the purchase price, and that the maker of said notes should pay the deficiency if said proceeds should fail to satisfy the debt, *held*, that such notes evidence an absolute sale of the binder to C., with a retention by O. of the title and right of possession only by way of security for the payment of the purchase price.

2. ――――― *Reduced to Judgment—Rights of Creditor.* Where a debt which is evidenced by promissory notes is reduced to judgment the creditor has the same right to take possession of property pledged to secure the payment of such indebtedness that he had before the change in its form.

MEMORANDUM.—Error from Rawlins district court; A. C. T. GEIGER, judge. Action in replevin by D. M. Osborne & Co. against Josiah Connor and Josh. Holmes. Judgment for defendants. Plaintiff brings the case to this court. Reversed. The opinion herein, filed October 16, 1896, states the material facts.

*R. S. Hendricks*, for plaintiff in error.

*J. C. Cole*, for defendants in error.

The opinion of the court was delivered by

CLARK, J.: This is an action in replevin brought by the plaintiff in error against the defendants in error to recover the possession of one D. M. Osborne & Co. binder, of the alleged value of $150. The plaintiff is a corporation, and alleges in its petition that it has a special ownership in said property, and is entitled to the immediate possession thereof by virtue of two chattel mortgages, copies of which are thereto attached as exhibits and made a part thereof. The following is a copy of one of these exhibits, and differs from the other only in the date of its maturity :

"$50.                    BIRD CITY, KAN., July 1, 1889.

"For value received, on the 1st day of October, 1894, I, or we, or either of us, promise to pay to the order of D. M. Osborne & Co., a corporation organ-

ized under the laws of the state of New York, the sum of fifty dollars at the F. & M. Bank in Bird City, with interest at eight per cent. per annum from date until paid, waiving appraisement and valuation.   The express condition of the sale and purchase of the new Osborne No. 5695, for which this note is given, is such that the title, ownership, or right of possession does not pass from the said D. M. Osborne & Co. until this note and interest and all other notes given for same purchase are paid in full ; that the said machine is now on the farm owned or leased by the undersigned, or either of them, located in township Rotate, county of Rawlins, state of Kansas.   Said D. M. Osborne & Co. have full power to declare this note due and take possession of said machine at any time they may deem themselves insecure, even before the maturity of the note, without rescinding the contract of the sale for which the same was given, and may sell the said machine at private sale or public auction, as they may deem more advantageous, without any notice thereof to the parties hereto ; the proceeds of said sale, after deducting all expenses, to be applied to whatever sum may then be due on purchase price of said machine, and I hereby agree to pay the deficiency, if said proceeds shall fail to satisfy said debt.

"The indorsers, signers, sureties and guarantors severally waive presentment for payment, protest and notice of protest, and notice of nonpayment of this note, and diligence in bringing suit against any party to this note, and agree that time of payment may be extended without notice or other consent, and without affecting their liability.         JOSIAH CONNOR.
                                    JOSH. HOLMES."

The answer was a general denial.   The record shows that upon the trial the defendants admitted the execution of these notes (which are in the petition denominated chattel mortgages) ; that the value of the property in controversy was $150 ; that due demand had been made for the possession, and delivery thereof refused by the defendants.   The record fur-

ther shows that the plaintiff had, a short time prior to the commencement of this action, recovered a personal judgment against the defendants upon these notes for $118.50, the amount then due thereon. The findings and judgment in this action were in favor of the defendants. A motion for a new trial was duly filed and overruled, and these proceedings in error were accordingly instituted by the plaintiff below.

No brief has been filed in this court by the defendants in error, and an examination of the record fails to disclose upon what theory the trial court held that the plaintiff was not entitled to recover possession of the property in controversy. Counsel for plaintiff in error claims that the contention of the defendants was that the plaintiff could not recover the full amount of the purchase price of the binder, and at the same time insist that the title did not pass to the defendants; that they could not treat the transaction both as a conditional and as an absolute sale; that, as the plaintiff had, prior to the commencement of this action, recovered a personal judgment against the defendants for the purchase price of the binder, it had by that act elected to treat the transaction as an absolute sale, and was therefore estopped from asserting that the title thereto had not passed to the defendant, and that, in support of such contention, reliance was placed upon the decision of our supreme court in *Harvesting Machine Co. v. Lewis*, reported in 52 Kan. 358. We think, however, that decision is not applicable to the facts in this case. That was an action brought to recover upon a promissory note given by Lewis for a binder. The note contained a stipulation that the title should not pass until the note and interest were paid in full. After the execution of the note, Lewis mortgaged the binder and

other property of the machine company. The supreme court held that the stipulation in the note reserving the title in the company evinced an intention by both parties to treat the sale as conditional rather than absolute, and that, if nothing more appeared, it would necessarily be held that a conditional sale was intended, and that the ownership of the property had never passed from the company; but when Lewis mortgaged the machine to the company he assumed to have title to it, and the company, in applying for and accepting the mortgage, recognized such title; and that, under such view, the company was entitled to recover all that remained unpaid upon the note, after allowing proper credit for the proceeds of the mortgaged property.

While the clause set out in the notes with reference to the retention of title, the ownership and right of possession of the property in the payee until full payment of the purchase price had been made, would indicate that a conditional sale was intended, we think the other provisions of the notes evidence an absolute sale of the binder, with a retention of the title and right of possession *only* by way of security for the payment of the purchase price, and that the agreement for such retention was, in effect, a short form of chattel mortgage. As will be seen, it was stipulated that if the payee should at any time deem itself insecure, even before the date upon which the notes by their terms matured, it might declare the notes due, "without rescinding the contract of the sale for which the same were given," and sell the property and apply the proceeds of such sale "to the payment of whatever sum may then be due on purchase price of said machine," and the makers of the notes agreed to pay the deficiency if such proceeds should fail to satisfy

the debt. "This giving of property as a security for the payment of a debt is the very essence of a mortgage, which has no existence in the case of a conditional sale." (*Heryford v. Davis*, 102 U. S. 235 ; *Equip. Co. v. Bank*, 136 id. 268.) Of course, if it had been shown that the purchase price had been paid in full, the plaintiff would not have been entitled to the possession of the property. The binder having been pledged as security for the payment of the purchase price, the plaintiff upon taking possession would be required to account to the defendant for the value thereof. It is not in this action claiming to be the absolute owner of the binder, but bases its right to a recovery upon the stipulation set out in the notes that it might take possession of the machine and sell it in order to obtain satisfaction of the balance due upon the debt. The recovery of a personal judgment against the defendant for the purchase price did not amount to a satisfaction of the debt, nor did it destroy the plaintiff's lien on the property, which it held by virtue of the stipulation contained in the notes. (*Frost v. Shaw*, 3 Ohio St. 270 ; *Greendale v. Morgan*, 5 Sneed, 716 ; *Thomason v. Lewis*, 15 So. Rep. [Ala.] 830.)

It follows from what has been said herein that the judgment must be reversed and a new trial awarded.

All the Judges concurring.