E. F. KIRWAN MANUFACTURING COMPANY, a corporation of the State of Maryland, *vs.* JOSEPH D. TRUXTON, Late Sheriff.

*Amending Declaration—Continuance.*

1. An amendment to a declaration that makes no material change in the proof to be made, or no material change in the issue,—granted without continuance.

2. Continuance of cases on application of defendant, will be ordered on two grounds : (a) when a controlling principle of law is before the Supreme Court, and if the court below is reversed, it would eliminate it from the case pressed for trial; (b) when the plaintiff has become insolvent and its property is in the hands of a receiver who is not made a party, and the defendant has no knowledge whatever of the insolvency until within a few hours before the application for the continuance is made.

*(October 12, 1898.)*

LORE, C. J., and GRUBB and PENNEWILL, J. J., sitting.

*Lewis C. Vandegrift* and *A. F. Polk* for plaintiff.

*Charles F. Richards, H. H. Ward* and *C. W. Cullen* for defendant.

Superior Court, Sussex County, October Term, 1898.

TRESPASS *de bonis asportatis.* (No. 78, October Term, 1897.)

When the case came on for trial, plaintiff asked leave to amend its declaration by substituting for the word "first" where it occurs in the ninth line of said declaration before the words "day of July, 1895," the word " fifteenth."

*2 Greenleaf, Sec. 624,* under " Trespass."

Counsel for defendant opposed the granting of the amendment and after argument on both sides, the court rendered the following decision :

LORE, C. J :—We do not see that this proposed amendment makes any material change in the proof to be made or any material change in the issue. Not being material, you may come in here and show that the trespass alleged and the material and substantial elements of the case are not true.

We think the amendment ought to be granted, and without continuance.

Let the order be made.

And now to wit this 12th day of October, A. D., 1898, the said motion having been made and considered by the court, after argument by counsel on both sides, the leave therein asked is granted and said amendment allowed.

*Mr. Vandegrift* thereupon stated that he desired to deliver up to the court certain drafts and notes involved in the case, tender of the same having been made to counsel for the defendant and also to William H. Colbourn personally, as a member of the firm of Morrow & Coulbourn, and their acceptance refused.

LORE, C. J:—We have nothing to do with making any order in this matter in the premises. You simply hand the drafts and notes to the clerk of the court, but the court makes no order.

*Mr. Richards*, of counsel for defendant, moved for a continuance on the following grounds :

*First*, because of the delicate condition of health of Henry M. Baker, an important witness for both sides ; said witness being present without any certificate from a physician but who would state to the court that he was at any time liable to sudden attacks of weakness or vertigo, and if the case should go on it was probable that the witness would be compelled to leave court and would not be able to testify in the case.

*Second*, because the case of *Truxton, et al, vs. Fait & Slagle Company*, which was pending in the Supreme Court, having been argued there but not yet decided, would determine a very essential principle of law arising in the present case ; there being two conflicting decisions by the Superior Court in regard to said matter, and it was essential that the parties in the present suit should know the law in that particular.

*Third*, because this was a suit against the sheriff in which Mr. Richards was general counsel during the term of the sheriff and had only appeared for him as his counsel in the present case during this term of court ; that it was not absolutely within the power of the sheriff to employ persons to look after the defence of this action ; but he was the defendant of record and through his attorney has endeavored to prepare the defence as best he

could. A week since, Mr. H. H. Ward of Wilmington had been retained in the case by parties who were indirectly interested in the suit, and he had therefore not had an opportunity to give the case that attention which he would like to be able to give, by reason of his recent employment.

*Fourth.* It had come definitely to the knowledge of the counsel for the defendant on the morning set for the trial of the case that at the time of the bringing of the suit the plaintiff was declared insolvent and compelled to go into the hands of a receiver in Maryland, which fact necessarily involved an amendment of the pleas in the case. While the case was on the trial list at the last term, it was not at issue because the narr in the case had not been filed in the time specified and the pleas were therefore not filed and the case was really improperly on the trial list at the last term. This was therefore the first trial term of the case and counsel submitted that they had laid sufficient grounds for continuance until the next term of Court.

*Mr. Vandegrift,* of counsel for plaintiffs, opposed the motion for continuance, taking up each ground urged in support of the same, and as to the fourth ground above given, cited *Mayberry vs. Schlisler, 1 Harr, 349; Fait & Slagle Company vs. Truxton, 1 Pennewill, 24.*

It was conceded by plaintiff that the receivership was anterior to the bringing of the suit; that an assignee in a receivership was brought about directly through the transactions involved in the present suit and the assignee was appointed in Maryland, being an assignee in insolvency under the insolvency law of the State of Maryland.

LORE, C. J :—We order this case continued on two grounds:

*First.* Because a controling principle of law is now before the Supreme Court, and if the Court below is reversed it would eliminate it from this case and simplify the trial very much.

*Second.* It was admitted that the plaintiff at the time of bringing this suit was insolvent and the property in the hands of a receiver. The receiver was not made a party and the defendant had no knowledge whatever of the insolvency until within a few hours past and had no opportunity to avail himself of any

defence, if any, growing out of that fact, and we think he ought to have time to examine that question and take such advantage of it as he is entitled to.

The Court therefore order the case continued to the April Term of Court, to be plead to issue and ready for trial at said term under a peremptory rule.