CHARLES W. BARBER and JOHN F. BARBER *vs.* ROBERT J. CLEN-
DANIEL.

1. TRIAL—RECEPTION OF EVIDENCE—EXCLUSION.
    Where the admissibility of evidence is doubtful, it should be received sub-
ject to a motion to strike at the conclusion of the testimony.

2. PARTNERSHIP—PARTNER'S RIGHT OF ACTION.
    A partnership has no separate existence as distinguished from the indi-
vidual members composing it, and the partnership cannot sue otherwise than
in the individual partners' names.

3. PARTNERSHIP—ALLEGATIONS—DECLARATIONS—SUFFICIENCY.
    In view of *Rev. Code* 1915, § 4171, declaring that in any action by or against
partners it shall not be necessary for the plaintiff to prove the partnership,
but the same shall be taken to be admitted as alleged, unless defendant files
an affidavit denying the existence of the partnership, averments of the exist-
ence of a partnership between plaintiffs is necessary, in order to maintain an
action on a claim arising out of such existence.

4. CONTINUANCE—AMENDMENT OF PLEADING.
    Where the court allowed plaintiffs to amend the declaration, so as to allege
that they were partners, defendant, on the assurance that he has proceeded
on the theory that plaintiffs were joint parties, is entitled to continuance.

(*May* 3, 1917.)

Judges BOYCE and CONRAD sitting.
*John D. Hawkins* and *James H. Hughes* for plaintiffs.
*Henry Ridgely* and *George M. Fisher, Jr.*, for defendant.
Superior Court, Kent County, April Term, 1917.

ACTION OF ASSUMPSIT, No. 36, October Term, 1915.

Action of assumpsit by Charles W. Barber and another
against Robert J. Clendaniel. Plaintiff's motion to amend the
record, declaration, and bill of particulars to show that plaintiffs
were partners was allowed, and on application of defendant case
continued.

The original declaration was on the common counts. Leave
subsequently granted to amend by filing a special count on a cer-
tain timber contract with the defendant, in which it is averred in
substance, that the defendant was to cut, fell, work and load on
cars the timber standing and growing on the lands of the plaintiffs,

as ordered by the plaintiffs, and to sell such timber to persons other than the plaintiffs, when the defendant considered such sale advantageous to the plaintiffs, and to render a true and just account of the sale of such timber, etc., and that the defendant did afterwards cut, sell and dispose of certain of the timber, for and on account of plaintiffs for divers sums of money, for which he had not rendered a just and true account.

Defendant declined to plead without a bill of particulars which was filed.

Subsequently the death of Charles W. Barber was suggested on the record, amd John F. Barber, his executor, was made party plaintiff. Later counsel for plaintiff obtained leave to amend the record by making John F. Barber, who hath survived Charles W. Barber, deceased, party plaintiff.

The trial coming on before a jury, John F. Barber, the plaintiff, being called as a witness, was asked:

"Did you and Charles W. Barber, as partners and owners of certain tracts of land in Sussex County, this state, that is, as J. F. Barber & Co., to whom the lands belonged, employ Robert J. Clendaniel, the defendant, to cut, haul and ship the timber thereon?"

Objection was made by Mr. Ridgely, on the ground of irrelevancy, because the action was brought in the name of Charles W. Barber and John F. Barber, individuals, as there is no statement on the record or in the declaration whatever in regard to any partnership. Two men, he said, when they enter into a firm, constitute a different relationship and a different entity from that when they act simply as individuals. Their rights, their relations, to each other are different; their relations to the public and to creditors are different. *Rev. Code* 1915, § 4171; *Bischoff & Co. v. Blease*, 20 *S. C.* 460; *Woodworth v. Fuller*, 24 *Ill.* 109.

Mr. Hughes, in reply, contended: That a partnership must sue in the name of the individuals composing it, and not in the name of the partnership. That the statute referred to has nothing to do with the manner of bringing the suit. That the style in which two or more persons operate is not the essential thing, but is a matter of description only, and that a partnership may

be proved without stating it on the record. *Bernard v. Wilcox*, 2 *Johns. Cas.* (*N. Y.*) 374; *Courson et al. v. Parker et al*,. 39 *W. Va.* 521, 20 *S. E.* 583; *Crawford v. Collins*, 45 *Barb.* (*N. Y.*) 269.

BOYCE, J. [1]   The court is in doubt as to the relevancy of the proposed testimony in view of the state of the record and the pleadings.   Our thought, however, is to overrule the objection, and admit the testimony, subject to a motion to strike out at the conclusion of the plaintiff's testimony.

The testimony was received, against objection and exception.   Similar testimony respecting the cutting and selling the timber, also in relation to numerous checks and notes of J. F. Barber & Co., payable to the defendant was offered.   Objections were made to the several questions for reasons as before stated, and for reasons based on the alleged insufficiency of the bill of particulars.   The objections were overruled, subject as before, exceptions noted and the testimony was received.

Mr Hughes, before closing the testimony for the plaintiff, asked leave to amend the record by adding after the names of the original parties plaintiffs the words, "Trading under the firm name of J. F. Barber & Co.;" also by making the party plaintiff last named on the record by amendment read, "John F. Barber who survived Charles W. Barber, the said Charles W. Barber and the said John F. Barber, late trading under the firm name of J. F. Barber & Co.;" and also leave to amend the declaration and bill of particulars.

He cited in support of the motion: *Section* 11, *Art.* 4, *Const.*; *Rev. Code* 1915, § 4430 (11); *Benjamin v. Boyce*, 2 *Harr.* 316; *Cirwithin v. Mills*, 2 *Marvel*, 232, 43 *Atl.* 151; *Harman v. Collins*, 2 *Pennewill*, 36, 45 *Atl.* 541; *Kirwan v. Truxton*, 1 *Pennewill*, 409, 42 *Atl.* 988; *Bernard v. Wilcox, supra*; *Munroe v. Williams*, 35 *S, C.* 572, 15 *S. E.* 279.

Mr. Ridgely opposed the amendment, on the ground that it is not the kind which will be permitted because it involves a change in the cause of action.   He contended that the action was brought as joint individuals; that the first amendment of

the record was consistent with a joint action, and the next amendment indicates as well that the action was brought as individuals and not as partners; that it was under *Rev. Code* 1915, § 4153, the second amendment was allowed, and not under the common-law principle that the surviving partner continues the action. He made known that if the amendment should be allowed, he would be obliged to ask for a continuance and would insist that the entire costs of the case to the present time be imposed on the plaintiff. He cited in support of his objection: *Rev. Code* 1915, §§ 2716, 4171; *Sweet, Dempster & Co. v. Erwin*, 54 *Iowa*, 101, 6 *N. W.* 156; *Thorne v. Fox*, 67 *Md.* 72, 8 *Atl.* 667; *Irvine v. Myers*, 4 *Minn.* 229 (*Gil.* 164); *Bischoff & Co. v. Blease, supra; Woodworth v. Fuller, supra*; *Boswell v. Dunning*, 5 *Harr.* 231.

BOYCE, J., delivering the opinion of the court:

[2, 3]   At common law and in this state, a partnership has no separate existence as distingusihed from the individual members composing it. Partners cannot sue or be sued otherwise than in their individual names. In this action there is nothing on the record which in anywise apprises the defendant that the original parties plaintiffs composed a partnership, or that the action was brought for partnership claims. The court has not without misgivings, admitted testimony, against objections, to prove that the cause of action sued on grew out of transactions between the original plaintiffs as partners and the defendant. The statement or allegation of a partnership, when made on the record in actions, by or against partners, is for the purpose of identification and description. Whatever may be the rule elsewhere as to the necessity of such statement or allegation, it seems to be the settled, unbroken practice in this state to bring actions involving partnership claims in the individual names of the persons composing the partnership, describing them as partners. This practice is clearly recognized, if not required, by *Rev. Code* 1915, § 4171, which reads:

"In any action by or against partners, it shall not be necessary for the plaintiff on the trial, to prove the partnership, but the same shall be taken to be admitted as alleged on the record, unless some one of the defendants shall,

at or before the time of filing his plea, file an affidavit, denying the existence of the partnership as alleged, and stating, to the best of his knowledge and belief, whether there is any partnership in relation to the subject-matter of the action, and who are the partners therein."

A partnership cannot "be taken to be admitted as alleged on the record," nor can the defendant file with his plea "an affidavit, denying the existence of the partnership as alleged," unless the partnership be first alleged on the record. The statute clearly presupposes that the existence of the partnership, when the action is by partners, will be disclosed by the record. Besides, in legal contemplation, the relation of two or more persons suing jointly as individuals is distinct from that where the same persons intend to sue as partners. For these reasons the court is of the opinion that in actions by or against partners it is necessary not only that the individuals composing a partnership be named, but that they be described on the record as partners for the purpose of showing the personality or capacity in which they sue or are sued. *D. B. Taylor & Co. v. McClung, Ex'r,* 2 *Houst.* 24, 36; *Woolley's Del. Prac.* § 140.

It is a reasonable requirement that a certain kind of title be given to the parties to the action. It affects identity of parties rather than parties. Therefore, the amendment will not effect a change either of parties or in the cause of action, but it will show the jural relations of the plaintiffs and the distinct character in which they sued.

We are of the opinion that the court has the power to authorize the amendment, and permission is granted to amend the record and pleadings as proposed.

[4] Counsel for defendant assures the court that in the preparation of the case they proceeded upon the theory that the plaintiffs were joint individuals, and that they cannot, in justice to their client or to themselves, go on with the trial with the amendment allowed.

The case will, therefore, be continued with costs of the term on the plaintiff.