## AMERICAN TRUST CO. v. W. S. DOIG, Inc., et al.

## In re HAMILTON RIDGE LUMBER CORPORATION.

Circuit Court of Appeals, Fourth Circuit.
January 10, 1928.

No. 2654.

**1. Bankruptcy ☞334—Claimants filing in bankruptcy proceedings contracts showing claims as secured did not abandon claim to security.**

Where claimants, in filing claims with referee in bankruptcy, filed contracts on which their claims were based, and these contracts, which had been properly recorded prior to bankruptcy proceeding, showed claims of claimants as secured creditors, facts *held* to show that claimants were asserting their liens, and did not abandon their claim to security.

**2. Bankruptcy ☞342½—Generally time for filing petition to review decision of referee in bankruptcy is within court's sound discretion.**

In absence of rule limiting time in which to file petitions to review decision as to claim by referee in bankruptcy, matter addressed itself to sound discretion of court.

**3. Bankruptcy ☞342½—Court properly held petition to review referee's decision was filed in time, where referee made no order on finding until court directed, and claimants immediately filed petition.**

Where referee in bankruptcy on January 5, 1926, filed report holding claimants were not entitled to liens, on June 16, claimants filed petitions for review, on June 17 referee certified finding with regard to claimants' claims, on October 23 District Court filed memorandum of his views, holding that referee was in error in disallowing them, on May 31, 1927, on claimants' motion, directed referee to enter an order concerning claims, on June 1, referee entered order disallowing claims, and on same day claimants filed petition for review of order, court did not abuse discretion in holding petitions to review were filed in time.

**4. Bankruptcy ☞310—Chattel mortgages ☞136—Chattel mortgagees, obtaining judgments on debts, did not waive mortgage liens, and were entitled to liens on buyer's bankruptcy.**

Sellers of machinery under contracts which were in effect chattel mortgages, by suing on debts and obtaining judgments, did not waive lien of chattel mortgage, especially where no execution or other process for collection of judgment had been issued, and were entitled to liens against property on buyer's bankruptcy.

Appeal from the District Court of the United States for the Eastern District of Virginia, at Richmond, in Bankruptcy; D. Lawrence Groner, Judge.

In the matter of the Hamilton Ridge Lumber Corporation, bankrupt. W. S. Doig, Incorporated, and the Mereen-Johnson Machine Company filed claims in the bankruptcy proceeding. From the court's order, re-

versing the referee's order disallowing the claims, the American Trust Company appeals. Affirmed.

Lewis C. Williams and Ralph T. Catterall, both of Richmond, Va. (James Mullen, of Richmond, Va., on the brief), for appellant.

Morton L. Wallerstein and Virgil R. Goode, both of Richmond, Va., for appellees.

Before WADDILL, PARKER, and NORTHCOTT, Circuit Judges.

NORTHCOTT, Circuit Judge. On June 1, 1923, in the District Court of the United States for the Eastern District of Virginia, the Hamilton Ridge Lumber Corporation was adjudged a bankrupt on its own petition. Prior thereto, in the state of South Carolina, W. S. Doig, Incorporated, and the Mereen-Johnson Machine Company, had sold to the bankrupt certain machinery, under contracts, which it is contended by the appellees, are, under the law of South Carolina where the sale was made, paper writings in effect chattel mortgages. It is contended by the appellant that these contracts were conditional sales contracts.

Both appellees had, prior to the bankruptcy of the Hamilton Ridge Lumber Corporation, sued upon their claims and obtained judgments, but no execution or other process had been issued. On August 27, 1923, the Mereen-Johnson Machine Company filed its claim in the bankruptcy proceeding, and attached the sale contracts to the claim. On October 31, 1923, the claim of W. S. Doig, Incorporated, was filed, and the sale contract was also attached to this claim. On December 20, 1923, the referee entered an order directing the appellees, with other claimants asserting liens, to appear and establish their liens. The order of the referee of that date shows that appellees claimed liens against machinery composing a part of the bankrupt's property.

On January 5, 1926, the referee filed his report, holding that the appellees were not entitled to liens against the property in question; and on January 13, 1926, the Mereen-Johnson Machine Company filed exceptions to referee's report, and on June 16, 1926, both appellees filed petitions for review of the referee's report, and on the next day, June 17, the referee certified his finding with regard to appellees' claim.

On October 23, 1926, the judge of the United States District Court for the Eastern District of Virginia, where the bankruptcy case was pending, filed a memorandum of his views as to these claims, holding that the referee was in error in disallowing them, and on May 31, 1927, on motion of appellees, directed the referee to enter an order concerning each of these claims. On June 1, referee entered an order disallowing claims of appellees and on the same day, the appellees filed petition for review of this order, and on June 2, the court entered an order reversing the order of the referee, and allowing appellees' claims, to the amount of $6,061.34 for W. S. Doig, Incorporated, and $6,909 for Mereen-Johnson Machine Company, from which latter order appellant, American Trust Company, appealed.

Three points are raised on behalf of the appellant: First, that appellees abandoned their claim to security by proving their claims, in the bankruptcy proceeding, as unsecured; second, that appellees abandoned their claim to security by failing to file their petition to review the referee's decision of January 5, 1926, within a reasonable time; third, that appellees abandoned their security as a matter of substantive law by obtaining judgments on conditional sales contracts, prior to bankruptcy.

[1] With regard to the first point, it is undisputed that, in filing their claims with the referee, the appellees filed the contracts upon which their claims were based, and these contracts, which had all been duly and properly recorded according to the South Carolina recordation statute, shortly after they were made and prior to the bankruptcy proceeding, clearly show the claims of appellees as secured creditors. The order of the referee of December 20, 1923, also shows that appellees were regarded and treated as creditors claiming liens, and, under the liberal policy that is universally adopted by the courts in such matters, it seems clear to us that appellant's contention is not sound, and that there was ample proof in the record to show conclusively that appellees were asserting their liens, and that in so holding the court below was right.

[2, 3] As to the second point: In the absence of a rule limiting the time in which to file petitions to review a referee's decision, the matter addressed itself to the sound discretion of the court, and in this case the court below held that no such rule was in existence in the Eastern district of Virginia, and that, under the peculiar circumstances of this case, the petition for review was filed in a reasonable time. The peculiar circumstances referred to by the court evidently included the fact that the referee had made no order upon his finding, nor did he make one until directed to do so by the court, and, upon the order being entered, appellees immediately filed a petition for review. We do not feel that un-

der these circumstances the discretion vested in the trial court was abused, but do find that it was properly exercised.

[4] This brings us to the third, and, as we see it, the most important, point, that appellees abandoned their security by obtaining judgments on their claims. It is admitted that no execution or other process was issued on these judgments, and it is also admitted that the law of South Carolina with respect to the paper writing, showing the contract of sale, should govern, and on this point the judge below held as follows:

"It is conceded that the correct determination of this question depends upon the local law. A careful examination of the South Carolina cases convinces me that the position of the claimant is correct. The only South Carolina case which suggests a contrary conclusion is that of Rice v. Hampton, 106 S. C. 237, 91 S. E. 5. There is language used in the opinion in this case to sustain the view opposed to that of the claimant, and if it stood alone it might properly be held to be conclusive of the subject, even though the facts and circumstances under which it arose were wholly different from those under discussion here. But an examination of the cases both prior to and subsequent to that case clearly demonstrates that it was not so intended, and that the language referred to above as susceptible of a contrary construction was not so considered by the South Carolina court itself. Reference to the South Carolina cases on the subject is all that is necessary here. See Talmadge v. Oliver, 14 S. C. 522; Talbott v. Sandifer, 27 S. C. 624, 4 S. E. 152; Munroe v. Williams, 35 S. C. 572, 15 S. E. 279; Perkins v. Bank, 43 S. C. 39, 20 S. E. 759; Woodruff v. Timms, 93 S. C. 99, 76 S. E. 114; Hill v. Winnsboro Granite Corp., 112 S. C. 243, 99 S. E. 836; Carroll v. Cash Mills (1923) 125 S. C. 332, 118 S. E. 290. Many of these cases were decided before the Rice Case, and some afterwards. It is impossible, I think, to read the cases, and not come to the conclusion that the paper writings in each of the cases now under consideration would be held by the highest court of South Carolina to be nothing more than a chattel mortgage; and, if that be true, it seems to me to be equally true that there was no waiver of the mortgage nor inconsistent position in securing the judgment (Satterwhite v. Kennedy, 3 Strob. [S. C.] 457), particularly since it is not shown from the record that anything more was done than to secure the judgment, in other words, that there was no attempt to retake the property either by execution on the judgment or otherwise (Muncie Bank v. Brown, 112 Ind. 474, 14 N. E. 358; Kansas City v. Bank, 79 Kan. 761, 101 P. 617, 24 L. R. A. (N. S.) 490, 17 Ann. Cas. 956; Osborne v. Connor, 4 Kan. App. 609, 46 P. 327; Burtis v. Bradford, 122 Mass. 129)."

We have given careful consideration to the cases cited by attorneys for appellant, and are of the opinion that the judge below reached the proper conclusion. The case of Rice v. Hampton, supra, is clearly distinguished from a long line of South Carolina cases holding contracts of the character of those in this case to be, in effect, chattel mortgages. It is evident that the Rice and Hampton Case was decided solely upon the peculiar language used in the contract in that case, which language is different from the language used in the contracts under consideration here.

Although there is some conflict of authority on the question, it is the general rule that an independent action on the debt does not waive the lien of a chattel mortgage, and that while the debt may become merged in a judgment, the mortgage may yet stand as security for it. And this seems to be especially true, where no execution or other process for the collection of the judgment has been issued. 5 R. C. L. p. 459, 460.

A change in the character of the debt from a simple contract debt to a judgment against the mortgagor does not have the effect in any way of discharging the mortgage "so long as the judgment remains unsatisfied." 11 C. J. p. 683.

"Though the contract of sale between plaintiff and defendant constituted a mortgage to plaintiff of the goods sold by it, plaintiff could nevertheless sue defendant purchaser on account for the goods sold and delivered, without reference to its remedy of a mortgage lien." Sherer-Gillete Co. v. Moore-Barnes Co., 114 S. C. 387, 103 S. E. 766.

We therefore conclude that there was no error, and the order of the court below is accordingly affirmed.