RurETN, Judge.
 

 The defects of the title complained of consist in the want of a privy examination of .Airs.
 
 Alston
 
 to the deed to Burges,so that-it passed only the estate for life of her husband; and in the trust created by that deed.
 
 *15
 
 in favor of
 
 Mrs. Mston,
 
 and to her separate use during her life, and after her death for her issue. Pending this
 
 suit, Mston
 
 and wife have duly executed a deed to the plaintiff himself in fee, which has been filed in the cause by the defendant, for the use of the plaintiff. The bill does not charge any fraud on the paid of the defendant. It alleges, indeed, that the plaintiff discovered, since he-took the deed from
 
 Burges,
 
 the two defects above mentioned. ' But it is not charged that
 
 Burges
 
 concealed those facts, or that he knew the effect of them, and did not communicate it to the plaintiff, On the contrary the plaintiff exhibits the deed to him; and upon the face of it, there is an express reference to the deed of trust from
 
 Mston
 
 and wife. It might well be taken then, that the plaintiff knew the state of the title. He would certainly be affected with notice, in respect of the
 
 cestui que trust
 
 in that deed. For knowledge and the means of knowledge are the same. And the same fact, which communicates knowledge for one purpose, must be considered as doing it for all others. The case cited at the bar of
 
 Abbot
 
 v.
 
 Allen,
 
 (2
 
 Johns. C. R.
 
 519) lays it down, that a purchaser, who has received a conveyance, and is in possession and not disturbed, will not be relieved on the mere ground of defect of title, whore there was no fraud nor eviction, but must rely on his covenants. Much more must it be so, when the very defects of title alleged were known to the party, at the time he took his conveyance. The contrary would amount to this: that no obligatory contract ran be made, unless the vendor’s title is perfect; and that any defect, secret or notorious — so notorious as to affect the price agreed on — should put it in the vendee’s power to rescind, after x’eceiving a conveyance, with covenants against those defects. This would be annulling contracts fairly made, and subject the vendor to circumvention, because lie himself acted honestly. - But this cause does not demand a decision of this point; as those defects have been since cured.
 

 It seems
 
 that a purchaser who has given abond' for the purchase money, and is in the undisturbed possession, will not be relieved againstthe bond on the ground of a defective title, there being no allegation of fraud in the sale-
 

 It is undoubtedly the law of this court, that the vendor may complete his title ponding the suit, and at any time be • fore the hearing, He is. allowed to make good liis
 
 *16
 
 contract, and buy bis peace. The last deed from
 
 Alston
 
 and wife is an effectual conveyance of the fee to the plaintiff. Its validity cannot be impaired by an ack-nowledgement
 
 ofthofeme
 
 of the deed to
 
 Burges;
 
 for such acknowledgment does not relate hack, and only makes it her deed from the time of her privy examination. The only possible
 
 hiatus
 
 then in the plaintiff’s title is the trust in favor of the children, arising out of the estate of the husband as tenant by the curtesy, from the death of their mother . until that of their father, if he should happen to be the survivor. • Whether if the contract rested in articles, the purchaser would be compelled upon a bill of the vendor to accept a conveyance, ■with even this small cloud over it, I will not say. Probably he would not. He would have a rigiit, before he parted from his money, to ask a clear title. But so minute'an outstanding interest, depending upon such a contingency, can never form ground for rescinding a contract, at the instance of a purchaser who is in possession under a conveyance executed, with full covenants for quiet possession, from a vendor not alleged to be in .failing circumstances, who made, on the treaty, a full communication of his title. To grant the prayer of the bill would he to proclaim encouragement to dishonest dealing, and an invitation to purchasers to expose latent defects in their vendor’s title,'Instead ofeuringthem by enjoyment. ■ s
 

 Per Jhiflin,
 
 J. Where the land of flic wife was conveyed by the husband to her separate use during life, remainder to the issue ofthemarriage-upon an execu-tory contract by husband'andwife for a sale, a specific performance will not be decreed.
 

 But if the sale be executed, so minute an out-stand'nginterest as the trust in favor of the children, depending-upon the curtesy of the husband, will not vacate the contract.
 

 vendeebas taken his title, • this semd 'thtn°con-tract, because of conveyance11^ the vendor, gainst ^he^ven-dee.
 

 In truth, however, even this trivial imperfection does 11 ex*s^ *n ^1C title. It is now complete. The deed of settlement from
 
 Alston
 
 to
 
 Burges
 
 was after marriage; anfl so voluntary, and void as against subsequent purchasers under statute
 
 2,7th Eli».
 
 Of this there can be no doubt,' whether the purchaser have .notice or not of the previous voluntary conveyance. It is established by an uninterrupted series of cases, from the passing of the statute until this time. And there can be as little doubt, that the plaintiff must he regarded as a purchaser from
 
 Alston
 
 and wife ; for the price paid to
 
 Burges
 
 is a consideration extending, under the circumstances, to them.
 
 Smith
 
 v.
 
 Garland
 
 (2
 
 Mer.
 
 123) and
 
 Pulvertoft
 
 v.
 
 Pulver
 
 
 *17
 

 toft
 
 (18
 
 Ves.
 
 93) were cited for the plaintiff, to show that though a voluntary deed be void, yet a purchaser could not be compelled to specific performance, where the estate was incumbered \vith such a conveyance. That only means, that a man shall not be forced to take a lawsuit, upon the bill of the vendor. But where lie has already taken the title, the fetters which he has put on himself cannot be loosed by the court, upon any such ground.
 

 It has been objected that no notice Can be taken of the deed now filed, because it is not within the pleadings. The title supplied pending the suit never is. It is tobe sure the more, regular way, for one ofthe parties to ask a reference of the title, and have it reported. But that is only for the ease of the court; which may act by itself, and is not obliged to ascertain any fact by way of inquiry, hut may do so directly. There is no complexity in this title; and therefore the court has thought it proper to proceed, without putting the parties to the expense and delay of an inquiry.
 

 Per Curiam — Bna, dismissed.