MORGAN EDWARDS, Administrator of T. M. DOBYNS, Deceased, v.
H. F. JONES.

*Foreign Record—Certified Copy—Evidence—Estoppel by Judgment of Court in Another State.*

1. The certificate of a Clerk of a Court of another State as to the
record of a judgment therein should be, as in this State, in the form
prescribed for such Court, and the certificate of the Judge thereof
that the Clerk's attestation is in due form is conclusive.

2. Full faith and credit should be given to a judgment of a Court of
another State when it appears from the certified record thereof
that the Court had acquired jurisdiction of the parties and the
subject-matter, and no defence is available against it which might
have been set up in the Court in which the judgment was rendered.

CIVIL ACTION, tried at Fall Term, 1893, of ALLEGHANY
Superior Court, before *Winston, J.* Defendant appealed.

The plaintiff alleged that he was the administrator of the
estate of T. M. Dobyns, late a citizen of the State of Virginia,
who died in 1872, having made and published his last will
and testament, which has been duly admitted to probate in
that State, and also in this; that one D. W. Dobyns was
appointed executor of that will, and qualified as such exec-
utor in the State of Virginia, but was thereafter removed
from said executorship by the proper Court of that State, and
one Marshall was duly appointed administrator *de bonis non
cum testamento annexo* of the estate of T. M. Dobyns; that
said administrator became plaintiff in the place of the
removed executor in a suit then pending in the Circuit Court
of Carroll County in the State of Virginia, in which the
appellant was defendant. In that cause process had been
duly served on the defendant, and he had appeared, by coun-
sel, and filed an answer. At October Term, 1884, of said
Circuit Court a judgment was rendered in that suit against
the defendant, and to enforce the payment of that judgment

this suit was brought by the plaintiff here, who has been duly appointed administrator of that estate in this State, it being admitted that the defendant has no property in the State of Virginia, and is a citizen here.

Upon the trial the plaintiff offered in evidence a certified copy of the record of the aforesaid judgment, to which the defendant objected "on the ground that the Judge's certificate is defective." The objection was overruled, and the defendant excepted.

The defendant offered evidence that tended to show that mistakes were made in taking the account in the Virginia suit of the dealings between him and T. M. Dobyns, who had been his partner, the object of the said suit being to effect a settlement of the partnership accounts. He said that he employed counsel, who represented him in that litigation, and that he went over the accounts with his lawyer, but did not discover then any mistakes, and did not appeal from the judgment rendered against him in that cause. He also testified that he had great confidence in the executor, and turned over to him his vouchers, but lost confidence in him before the suit was brought. On the whole evidence being in, the Court charged the jury that the Virginia judgment was an estoppel, and that plaintiff was entitled to recover upon said judgment the amount of the claim, and gave judgment accordingly. The defendant excepted, and assigned as error—(1) the admission of the certified copy of the record of the Virginia Court, and (2) for that, upon the whole evidence, the jury ought to have been permitted to say whether the Virginia judgment was procured through the fraud of the administrator Marshall, or of B. W. Dobyns, and whether the defendant Jones was bound by the same.

*Messrs. Strong & Strong* and *A. E. Holton,* for plaintiff.
*Mr. R. A. Doughton,* for defendant (appellant).

EDWARDS *v.* JONES.

BURWELL, J. (after stating the facts): The exception of the defendant to the introduction of the copy of the record of the judgment of the Circuit Court of Carroll County, Virginia, upon the ground that the certificate of the Judge thereon was " defective, in that it states that the record is in due form of law, instead of in due form according to the law of this State," cannot be sustained. The attestation of the Clerk should be, as here, in the form prescribed for the Court in which the judgment was rendered, and the certificate of the Judge that the Clerk's attestation is in due form is conclusive. Black on Judgments, § 878. This record of the judgment of a Court of the State of Virginia being thus in evidence, and it appearing therefrom that the Court that rendered that judgment against the defendant had properly acquired jurisdiction over the parties and the subject-matter, it followed that, as full faith and credit must be given to that judgment thus established, no defence against it was open to the defendant, except such as would have availed him in the Court in which it was rendered, except, perhaps, fraud. Black on Judgments, § 881. And of fraud vitiating this judgment there was no evidence whatever. It is final and conclusive on the merits. Nothing can be set up against it that, with proper diligence, might have been interposed in the action in which it was rendered. Hence, it was not allowable for the defendant to attempt to show in this action that he or his attorney in that cause had made mistakes or omissions that enhanced the amount of the recovery against him there. He was represented there by counsel. The Court, as we have said, had jurisdiction of him and his cause. What was there determined by the judgment then rendered is finally settled. The amount there ascertained to be due from him to the estate of T. M. Dobyns should be paid by him to the ancillary administrator in this State that he may dispose of it according to law.

                                        Affirmed.