S. W. RAINEY v. R. E. HINES, et al.

*Action to Recover Land—Contract Relating to Land—Exchange of Land—Partial Performance of Contract—Remedies—Judgment, as Evidence.*

1. Where parties made a contract for exchange of lands and one paid "boot money" and received deeds from the other and, in order to perfect title to the lands so conveyed to him, was compelled to pay off encumbrances which the other party should have discharged; *Held*, that such party is equitably entitled to have a lien for the amount so expended by him declared upon the lands which he agreed to convey but has not yet conveyed to the other, and to have such lands sold for the reimbursement of the sums so expended.

2 In cases where it is only sought to prove the existence or contents of a judgment it is only necessary to produce in evidence a duly authenticated copy of the judgment itself, a full copy of the proceedings in which the judgment was rendered being required only where the judgment is relied upon to establish any particular state of facts upon which it was based, or as matter of estoppel.

CIVIL ACTION tried before *Starbuck, J.,* at August, 1897, Term of FORSYTH Superior Court. The facts appear in the opinion. From a judgment for the plaintiff defendants appealed.

Messrs. *Watson, Buxton & Watson,* for plaintiff.
Messrs. *Jones & Patterson,* for defendants (appellants).

MONTGOMERY, J.: On the 5th of December, 1890, the plaintiff, being the owner in fee of a tract of land in Forsyth County, N. C., known as the Germanton tract, agreed in writing to exchange the same with L. L. Thomas for a piece of Thomas's land consisting of two contiguous tracts in Henry County, Virginia. By the terms of agreement of exchange the plaintiff was to pay to Thomas $2,000 in addition, partly in cash and partly in future instalments. Each party was to make good and sufficient title to the other to

the lands exchanged and each to remove all encumbrances from his own property. The plaintiff went into possession of the land in Virginia in January, 1891, and Thomas went into possession of the Germanton tract during the same month and year. The plaintiff paid to Thomas the balance of the "boot money" in January, 1893, and at the same time received a deed from Thomas to one of the tracts which was encumbered in Virginia, Thomas informing him then that he could not make a deed to the other contiguous tract for the reason that one Donovant had a vendor's lien on it for about $1,000. The plaintiff has never made a deed to the Germanton tract to Thomas. The defendant Hines is the purchaser of the Germanton tract through *mesne* conveyances from Thomas. After the payment of the difference in exchange by the plaintiff, the plaintiff also paid the lien of Donovant, the vendor of Thomas, $787.89, and also the sum of $188.60 the amount of a judgment of the Circuit Court of Henry County, Virginia, (which amounted to $198.13 at the time of the trial of this cause) in favor of the Roanoke & Southern Railway Company against the plaintiff and Rainey and others, and which judgment was declared to be a lien upon one of the tracts of the Virginia land.

The present action was brought by the plaintiff to impress on the Germanton tract an equitable charge in favor of the plaintiff for the amount he paid to Donovant and also for the amount which he was compelled to pay upon the judgment in favor of the railroad company against Thomas and himself.

In the argument here the matter was treated by the defendant's counsel as in the nature of a closed transaction between the plaintiff and Thomas and as if deeds with covenants of warranty had been executed, each to the other, for the several tracts of land embraced in the exchange. To support his argument the defendant's counsel cited particu-

larly the cases of *Leach* v. *Johnson*, 114 N. C., 87; *Nance* v. *Elliott*, 3 Trial Eq., 408, and *Clanton* v. *Burgess*, 17 N. C., 13.

The facts in each of those cases are in no wise like those in the case before us. In the first cited case nothing was decided except that a purchaser under a contract before the payment of the purchase money was not compelled to take a defective title from the purchaser, the defect having been discovered after the agreement of purchase was made. The Judge who delivered the opinion in that case said that a different principle would apply in case of the discovery of encumbrances before the execution and afterwards for the reason that after the deed had passed, the vendee must rely on his covenant.

In the case of *Clanton* v. *Burgess*, 17 N. C., 13, it is said with approval: "The case cited at the bar of *Abbott* v. *Allen*, (2 Johns, Chapter 519) lays it down that a purchaser who has received a conveyance and is in possession and not disturbed, will not be relieved on the mere ground of defect of title where there was no fraud nor eviction, but must rely on his covenants." There is no question but that the law is correctly laid down in both of these decisions. They mean nothing more than that after a deed for land has been executed and delivered, no fraud or mistake appearing, the vendee must rely on the covenants contained in the deed in case of loss or eviction. But we have a great deal more here that the mere execution and delivery of a deed to land with covenants of warranty. The written agreement of exchange between the plaintiff and Thomas has not been fully executed. The plaintiff has performed his part except that he has not made a deed to the original tract (Germanton tract) to Thomas, because of Thomas's refusal and failure to pay off the encumbrance on the Virginia land, thereby forcing the plaintiff to discharge it himself to protect his title and possession. Thomas or his grantee, if he should undertake to

compel the plaintiff to execute to him a deed for the Germanton tract, would be met with the plain equitable demand that he should first reimburse the plaintiff for the money he had been compelled to pay to rid the Virginia lands of the encumbrances upon them and which Thomas should have discharged under the agreement of exchange. That being so, the fact that the plaintiff, Rainey, has become the mover in this action to have the Germanton property impressed with a charge to the extent of the amount which he has been compelled to pay for Thomas to relieve the Virginia lands from lien, does not alter the equities underlying the transaction. The plaintiff still holds the legal title to the Germanton land and is entitled, for the reasons stated, either to the possession of the same or to have it sold and a sufficiency of the proceeds of sale applied to the reimbursement of the plaintiff—the sum which he was compelled to pay to raise the encumbrances. Under all the circumstances connected with the transaction it is more equitable that the last course be adopted.

There was an exception of the defendant to the introduction of the record of the judgment from the Circuit Court of Virginia on the ground "that the record was not a full record." We are to presume that the objection is that the whole of the proceedings, from summons to judgment inclusive, should have been embraced in the record. We think that such is not the law. If a judgment is relied upon to establish any particular state of facts upon which the judgment was based, or as a matter of estoppel, then a duly authenticated copy of the proceedings in which the judgment was rendered ought to be introduced. But, in cases where it is only sought to prove contents and the existence of a judgment, it is only necessary to produce a duly authenticated copy of the judgment itself. *Davidson* v. *Sharp,* 6 Ired., 14; *Edwards* v. *Jones,* 113 N. C., 453; *Gibson* v. *Rob-*

121—41

inson, 90 Ga., 756, (16 S. C., Rep. 969); Anthanium v. Bart, 20 S. E. Rep., 124. The judgment record introduced showed jurisdiction of parties and that it was a lien upon the lands.

There was no error in the ruling of his Honor in allowing the judgment in manner and form as it was rendered to to be entered against Hines and his bondsman Sparger for the rents of the Germanton tract. There is no error in the proceedings below and the judgment is affirmed.

Affirmed.