FANNIE M. BUKER *vs.* JAMES GIBSON CARROLL and EMMA J. CARROLL, Defendants, and ANANIAS ENNIS, Terre Tenant.

### *Affidavit of Demand—Practice.*

1. In a *scire facias* on a judgment to extend a lien upon lands, an affidavit of demand which merely states in the caption that A is *terre tenant*, without stating how he became such or anything further regarding the matter, is sufficient.

2. Time extended for filing affidavit of defence, in the absence of opposing counsel.

(*December 1, 1897.*)

LORE, C. J., and SPRUANCE and BOYCE, J. J., sitting.
*Martin B. Burris* for plaintiff.
*John H. Rodney* for terre tenant.

Superior Court, New Castle County, November Term, 1897.

This was a *scire facias* on a judgment to extend a lien upon lands. An affidavit of demand was filed setting forth the following :

"State of Illinois, ⎱
    Cook County, ⎰ ss.

" Be it remembered, That, on this eighth day of November, A. D. 1897, personally appeared before me, Lynam A. White, Notary Public for the State of Illinois, in Cook County, Fanny M. Buker, the plaintiff in the above stated cause, who being by me first duly sworn upon the Holy Evangels of Almighty God, did depose and say that hereto annexed is a duly certified transcript of the judgment sued upon in this action, and that the sum demanded is eighteen hundred and seven dollars, and interest thereon from the first day of October, A. D. 1892, and that she verily believes that the same is justly and truly due."

*Mr. Rodney* objected to the sufficiency of the affidavit of demand, on the ground that it did not set out the connecting links showing the relation of the *terre tenant*, Ananias Ennis, to the judgment. That his name merely appeared in the caption of the affidavit which set forth the cause of action, but that the affidavit should show why the claim was made against Ananias Ennis.

*Mr. Burris* contended that the plaintiff was not obliged to to show that in the affidavit, as the law stated that it should be made according to practice and law and that it never was the practice under the existing law to make the affidavit in the manner contended for by the counsel for the defendant, or in other words to set out in the affidavit a brief of title.

*Revised Code, Section 4, p. 789.*

SPRUANCE J:—The objection made to this affidavit is that, except in the caption of the affidavit, it is not stated that Ananias Ennis is the *terre tenant*, or how he became a *terre tenant*.

We have given this matter careful consideration, and the majority of the Court are of the opinion that this affidavit is sufficient.

So far as my experience goes, it has never been the practice in ordinary suits on judgments or mortgages where *terre tenants* are made parties defendant, to make any allegations respecting them in the body of the affidavit. The names of the plaintiff and defendant and *terre tenant* are stated in the caption of the affidavit, and without making any allegations whatever in respect to

the *terre tenant* the party swears, as in this action, that "hereto annexed is a duly certified transcript of the judgment (or mortgage) sued upon in this action and that the sum demanded is justly and truly due." We think this follows the ordinary practice and that it would be dangerous to require specific allegations as to how the *terre tenant* became such, etc.

This decision can do no harm as the time has not yet expired in which an affidavit of defense can be filed.

We therefore hold that the affidavit is sufficient.

Lore, C. J., (dissenting):—The objection is to the sufficiency of an affidavit of demand against Ananias Ennis as a *terre tenant* in a *scire facias* for the revival of a general judgment, in what has been characterized as a snap judgment proceeding. The only place, where the name of Ennis occurs at all as a party, is in the caption. The transcript of the judgment does not show that he has any interest whatever. Neither is any interest whatever shown in the plaintiff's affidavit of demand. He is therefore a stranger to the record, except so far as his name appears in the caption.

This is not the case of a *scire facias* upon a mortgage, which is a proceeding in *rem*, for a judgment of condemnation of the particular piece of land described in the mortgage, which mortgage is a part of the record in the case. No analogy therefore can be drawn from such proceeding, whatever may have been the practice of making *terre tenants* parties thereunder.

This is a *scire facias* for the revival of a judgment against persons, which judgment is a general lien upon any and all property which the original defendant may have held at any time since the original judgment was entered of record, however many pieces of such property there may have been; no piece of which is described in any manner in connection with the record. Ananias Ennis is a stranger to the judgment as shown by the transcript filed, and is not connected with the judgment in the averments of the affidavit. No judgment should go against him as a party, unless some interest is shown in him to warrant it. Such interest would have to be shown in the case, if the case were before a jury, or the Court would not permit judgment to be had against him. It is even more necessary that his relation

to the judgment should be set out in the affidavit of demand, which affidavit must show a conclusive right on its face, or under our practice no judgment will be rendered thereon. No one in reviving a general judgment ever thought of making a *terre tenant* a party defendant, prior to the statute for the extension of a lien of a judgment upon lands. Theretofore the only new parties that could be made, were the personal representatives of the deceased plaintiff or defendant; and this was so because they personally represented the parties to the judgment.

The relation of this stranger to the record of the judgment, which justifies making him a party under the statute, should be disclosed in the affidavit. If this is not done the plaintiff has not made out on the face of his affidavit a sufficient case.

There is, therefore, not only a doubt of his right to recover, which is the rule for refusing judgments in such cases, but to my mind there is a manifest failure on the face of the paper to show such right.

I therefore cannot agree with the judgment of my brethren, and am clearly of opinion that the affidavit is not sufficient and the judgment should be refused.

*Mr. Rodney,* in the absence of *Mr. Burris,* asked for and obtained leave to extend the time of filing his affidavit of defense until Saturday, December 11th.