644    APPELLATE COURTS OF ILLINOIS.

VOL. 127.] Santa Clara Valley Mill & Lumber Co. v. Prescott.

## Santa Clara Valley Mill & Lumber Company v. DeWitt Clinton Prescott.

### Gen. No. 12,487.

1. CITATION—*who authorized to accept service of.* The attorney for the complainant successful in the trial court is authorized to accept service of a citation issued by the United States Circuit Court of Appeals against such successful complainant to show cause why the decree appealed from should not be reversed.

2. COSTS—*what sufficient judgment for.* A judgment entered by the United States Circuit Court of Appeals in words as follows: "The decree of the Circuit Court in this cause be reversed with costs and the cause remanded to the Circuit Court with directions to dismiss the bill," is a sufficient judgment for costs, and will carry the costs taxed by the clerk of the court pursuant to statute.

3. COSTS—*when judgment for, properly proved.* A transcript of a judgment for costs entered by the United States Circuit Court of Appeals sufficiently establishes the same in an action of debt, without the transcript of such judgment being accompanied by a full transcript of all the records and proceedings in the cause.

Action of debt. Error to the Superior Court of Cook County; the Hon. JESSE HOLDOM, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1905. Reversed and remanded. Opinion filed July 13, 1906.

**Statement by the Court.** This is an appeal by the

plaintiff from a judgment for the defendant in an action of debt on two foreign judgments for costs only.

The first count of the declaration avers that the defendant (defendant in error here) filed his bill in chancery November 9, 1895, in the Circuit Court of the United States for the Northern District of California, against plaintiff and others; that March 16, 1899, a decree was entered in said cause awarding to complainant against the plaintiff here an injunction, with one dollar damages and costs, and dismissing the bill as to the other defendants; that plaintiff perfected an appeal from said decree to the United States Circuit Court of Appeals for the Ninth Circuit, which court entered a judgment May 14, 1900, reversing said decree and remanding the cause to the Circuit Court with directions to dismiss the bill, and included in said judgment a judgment for costs against appellee amounting to $1,306.10; that a remanding order was issued by said Circuit Court of Appeals, in which was inserted the amount of the judgment for costs with a detailed statement of the items of said costs, which remanding order was duly filed in said Circuit Court, and which said judgment for costs remains in force and unpaid. The count avers that attached thereto and made a part thereof as "Exhibit A," was a copy of the first decree of the Circuit Court; as "Exhibit B," a copy of the judgment of the Circuit Court of Appeals; as "Exhibit C," a copy of the mandate filed in the Circuit Court; as "Exhibit D," a copy of the decree of the Circuit Court dismissing the bill pursuant to the mandate of the Circuit Court of Appeals.

The second count repeats in substance the allegations of the first count down to and including the decree of the Circuit Court dismissing the bill pursuant to the directions of the Circuit Court of Appeals, and avers that such decree included therein a judgment for costs incurred in said cause in said Circuit Court in favor of the defendant, Santa Clara Valley Mill and Lumber Company, and against said DeWitt Clinton Prescott in the sum of $145.45, which judgment remains in force, etc., and unpaid. The count repeats the

646     Appellate Courts of Illinois.

Vol. 127.] Santa Clara Valley Mill & Lumber Co. v. Prescott.

averments of the first count as to " Exhibits A, B, C and D," and avers that also attached thereto and made a part thereof as " Exhibit E," was a copy of said last mentioned decree of the Circuit Court.   At the trial two additional counts were filed.

The defendant pleaded to all the counts *nul tiel* record and upon that plea issue was joined.   The cause was submitted to the court, and upon the trial the plaintiff offered in evidence Exhibits 1 to 15, inclusive, together.   The court sustained the objections of the defendant to Exhibits 10, 11 12 and 13, found the issues for the defendant, and from a judgment on the finding, for the defendant, the plaintiff prosecutes this appeal.

F. W. Winkler, for plaintiff in error.

Henry W. Wales, for defendant in error; Franklin E. Vaughan, of counsel.

Mr. Justice Baker delivered the opinion of the court.

Exhibit 10 is a copy of a citation issued out of the Circuit Court to the complainant in the bill, citing him to appear before the Circuit Court of Appeals to show cause why the decree appealed from should not be reversed, upon which citation appears the following indorsement:

" Service of within citation and receipt of a copy thereof admitted this 12th day of September, 1899, reserving all objections that may hereafter be taken.

John H. Miller,
Attorney for Appellee."

John H. Miller was the attorney of the complainant in the Circuit Court and as such attorney was authorized to accept service of the citation.   The copy of the citation offered in evidence was properly authenticated by the certificate of the clerk and judge of the Circuit Court, and should have been admitted in evidence.

Exhibit 11 is an exemplified copy of the following judgment of the Circuit Court of Appeals:

Santa Clara Valley Mill & Lumber Co. v. Prescott.

" UNITED STATES CIRCUIT COURT OF APPEALS FOR THE NINTH
CIRCUIT.

THE SANTA CLARA VALLEY MILL
AND MINING COMPANY (a corpo-
ration),

Appellant,

vs.

DEWITT C. PRESCOTT,

Appellee.

Appeal from the Circuit
Court of the United States
for the Northern District
of California.

This cause came on to be heard upon the transcript of the
record from the Circuit Court of the United States for the
Northern District of California, and was argued by counsel,
on consideration whereof it is now here ordered, adjudged
and decreed by the court that the decree of the said Circuit
Court be and the same is hereby reversed with costs and
the cause is remanded to the said Circuit Court with direc-
tions to dismiss the bill."

Exhibit 12 is a certified copy of the following memoran-
dum of appellant's costs and disbursements in the Circuit
Court of Appeals:

"Cost of transcript as certified by Clerk of Lower
Court ................................. $421 85
Attorney's Docket Fee....................... 20 00
Clerk's Docket Fee on Filing Transcript....... 25 00
Printing Record, exclusive of copies of patents
and cuts furnished...................... 617 55
Amount paid Filmer-Rollins Electrotype Co., for
composition, reproducing cuts and electro-
typing exhibits (Prescott's Deposition) for
use by Clerk in printing Record........... 130 00
Copies of U. S. Patents furnished Clerk for print-
ing Record—1,350 copies at $0.05.......... 67 50
Reproduction of Foreign Patents (Originals out
of print) furnished Clerk for printing Rec-
ord..................................... 22 50
Oath to Cost Bill ........................... 50

$1,304 90

648    APPELLATE COURTS OF ILLINOIS.

VOL. 127.] Santa Clara Valley Mill & Lumber Co. v. Prescott.

No one appearing to oppose taxation, upon application of Mr. Wm. F. Booth, taxed at $1,304.90.

July 3, 1900, 10:15 A. M.

F. D. MONCKTON, Clerk";

the affidavit of appellant's attorney to said memorandum; the acknowledgment of service of said memorandum June 30, 1900, signed by the attorney of appellee; the taxation of appellant's costs by the clerk at $1,304.90, and the following certificate of the clerk:

"UNITED STATES CIRCUIT COURT OF APPEALS FOR THE NINTH CIRCUIT.

SANTA CLARA VALLEY MILL & LUMBER COMPANY, a corporation,

Appellant,

v.

DE WITT CLINTON PRESCOTT,

Appellee.

} No. 577.

CERTIFICATE OF CLERK U. S. C. A. TO MEMORANDUM OF COSTS AND DISBURSEMENTS, ETC.

I, Frank D. Monckton, Clerk of the United States Circuit Court of Appeals for the Ninth Circuit, do hereby certify the foregoing two (2) pages, numbered one (1) and two (2) inclusive, to be a true copy of the memorandum of costs and disbursements filed on the 30th day of June, 1900, in the above entitled cause.

I further certify that under Rule 31, subdivision 5, the amount taxed therein, $1,304.90, was inserted in the body of the mandate thereafter duly issued in the said cause, and that, in addition to that amount, the sum of $1.20, which was not included by counsel in the memorandum of costs and disbursements, but which was properly taxable in favor of the appellant, was also inserted in the body of the said mandate as a part of the costs taxable in favor of the appellant; thus making the total of costs taxed in said mandate in favor of the appellant $1,306.10.

ATTEST my hand and the seal of the said The United States Circuit Court of Appeals for the Ninth Circuit, at San Francisco, California, this 20th day of January, A. D. 1904.

F. D. MONCKTON,

(SEAL.)                                        Clerk."

Santa Clara Valley Mill & Lumber Co. v. Prescott.

Exhibit 13 is an exemplified copy of the mandate of the Circuit Court of Appeals to the Circuit Court, in which the amount of appellant's costs was stated as follows:

"APPELLANT'S COSTS.

| | |
|---|---|
| Transcript paid Clerk below.................... | $421 85 |
| Clerk U. S. Circuit Court of Appeals........... | 26 20 |
| Oath to cost bill ............................. | 50 |
| Printing Record .............................. | 837 55 |
| Attorney's Docket Fee......................... | 20 00 |
| | $1,306 10" |

and attached to the same was a bill of items taxed in detail.

To Exhibits 11, 12 and 13 the court appears to have sustained the objection of defendant upon the ground that they did not show a judgment of the Court of Appeals in favor of appellant and against appellee in that court for appellant's costs in that court, nor the amount of such costs.

We think the judgment of the Circuit Court of Appeals that "the decree of the Circuit Court in this cause be reversed with costs and the cause remanded to the Circuit Court with directions to dismiss the bill," was a judgment in favor of appellant and against appellee for appellant's costs in said cause in said Court of Appeals. State ex rel. Boye, 18 La. Ann. 102.

The plaintiff put in evidence a certified copy of Rule 31 of said Circuit Court of Appeals, which provides that: "In case of the reversal of any judgment or decree by this court, costs shall be allowed the plaintiff in error or appellant, including the costs of the transcript from the court below, unless otherwise ordered by the court." The same rule provides that, "Where costs are allowed in this court, it shall be the duty of the clerk to insert the amount thereof in the body of the mandate, or other proper process sent to the court below, and annex to the same bill of items taxed in detail."

An execution does not issue from the United States

650    APPELLATE COURTS OF ILLINOIS.

VOL. 127.] Santa Clara Valley Mill & Lumber Co. v. Prescott.

Circuit Court of Appeals to collect a judgment for costs of that court, but issues from the Circuit Court, upon the filing of the mandate with a statement of such costs and a bill of items of such costs. The plaintiff put in evidence a certified copy of the entries in the Judgment Debtor Docket of the Circuit Court, showing that February 21, 1901, there was issued, "Execution against DeWitt Clinton Prescott for the sum of $1,306.10, costs taxed in mandate of U. S. Circuit Court of Appeals filed and entered herein July 5, 1901, together with the sum of $145.45 costs taxed in decree of dismissal entered July 5, 1900, and $2.80 accruing costs," which execution was returned unsatisfied.

The law made it the duty of the clerk of the Circuit Court of Appeals to tax the costs of appellant in that court. In Parisher v. Waldo, 72 Ill. 72, it was said: "When the fee bill is made up by the proper officer, it must be regarded as *prima facie* correct. * * * The judgment debtor must challenge the illegal costs * * * in some direct proceeding instituted for that purpose. It will be found impracticable to do it in an action on an appeal bond—it presents a collateral issue."

We think the transcripts offered and excluded showed not only a judgment of the Circuit Court of Appeals against appellee (defendant here) for appellant's costs in that court, but also the amount of such costs, and that the court erred in excluding such transcripts.

As to the decree of the Circuit Court, there is no question but that the decree for costs was against the complainant—defendant here—for a definite sum, for that decree was that the bill be dismissed "and that respondent recover from complainant its costs in this behalf expended, taxed to $145.45," and the court erred in excluding the exemplified copy of that decree. The action was upon two judgments for costs only, one of the United States Circuit Court of Appeals, the other of the Circuit Court of the United States, and we do not think that in such an action it was necessary to produce the entire record of either court.

"There has been some conflict of opinion as to whether it was or was not necessary to produce the entire record of a sister state judgment. But the true distinction seems to be well stated in a recent North Carolina case in which the court considered that if a judgment of a sister state is relied upon to establish any particular state of facts upon which the judgment was based or as a matter of estoppel, then a duly authenticated copy of the proceedings in which the judgment was rendered ought to be introduced, but in cases where it is only sought to prove the contents and existence of a judgment, it is only necessary to produce a duly authenticated copy of the judgment itself." 13 En. & Am. Ency. of Law, 2nd Ed., 1346; Rainey v. Hines, 121 N. C. 318; Little Rock Cooperage Co. v. Hodge, 112 Ga. 521; Gibson v. Robinson, 90 id. 756.

Here there was much more than the copy of the judgment and decree. There were copies of the subpoena, bill, answer of the appellant here, decree of Circuit Court for complainant, petition for appeal, order allowing the appeal, appeal bond, citation, assignment of errors, judgment of reversal of the Circuit Court of Appeals, bill of the costs of appellant in that court and taxation of same, mandate and decree of the Circuit Court dismissing bill and for defendant's costs in that court against complainant.

A complete transcript of the record of the proceedings in the Circuit Court would have included also a copy of the proofs taken in that court, and a complete transcript of the record of the proceedings of the Circuit Court of Appeals would have included also the copy of the proofs taken in the Circuit Court contained in the transcript filed in the Circuit Court of Appeals. When, as in this case, the judgment of the Circuit Court of Appeals was offered only to prove the existence of a judgment of that court for costs in favor of the plaintiff and against the defendant in this suit and the amount of such costs, no reason is perceived for incorporating into the transcript of the record of such judgment a copy of the copy of the proofs con-

tained in the transcript filed in that court, nor for incorporating into the transcript of the record of the decree of the Circuit Court for the defendant's costs in that court against complainant a copy of the proofs taken in that court, where such transcript was offered only to prove the existence of such decree against complainant for defendant's costs and the amount of such costs.

The record of papers, entries and records of the courts of the United States offered in evidence were all certified in the manner provided by the statute of this state and were admissible, although not certified in accordance with the Act of Congress. Garden City Sand Co. v. Miller, 157 Ill. 225.

The judgment of the Superior Court will be reversed and the cause remanded.

*Reversed and remanded.*