Use of HARRIET I. NEWLIN, Administratrix d. b. n. c. t. a. of JAMES B. NEWLIN, deceased, KATIE C. PHILLIPS, Executrix of EMMA A. NEWLIN, deceased, who was Assignee of JULIA A. P. ADAIR, *vs.* ROBERT ADAIR, Administratrix of CHRISTOPHER B. NAUDAIN, deceased, et al.

1. EXECUTORS AND ADMINISTRATORS—ACTIONS—AFFIDAVIT OF DEMAND—REQUISITES.

An affidavit of demand by a plaintiff, suing in the capacity of administratrix, need not aver that affiant is the administratrix.

2. PLEADING—JUDGMENT ON PLEADINGS—AFFIDAVIT OF DEMAND—REQUISITES.

The statute requiring that plaintiff shall make the affidavit of demand is complied with, so as to prevent a judgment for defendant, where from an inspection of the affidavit the court is satisfied that the affidavit is made by plaintiff, though affiant does not swear that he is the plaintiff.

3. PLEADING—JUDGMENT ON PLEADINGS—AFFIDAVIT OF DEMAND—REQUISITES.

Where the affidavit of demand concluded with the words that plaintiff believed that the demand was justly and truly due from defendants to plaintiff, and the caption contained the names of the parties, the reference to plaintiff in the affidavit referred to the plaintiff mentioned in the caption, and made the caption in a sense a part of the affidavit, and the affidavit and caption, construed together, sufficiently showed that the affidavit was made by plaintiff, so as to prevent a judgment for defendant.

(*October* 2, 1912.)

Statement—Opinion.

PENNEWILL, C. J., and WOOLLEY, J., sitting.

*Robert Adair* for motion.

*Harry Emmons contra.*

Superior Court, New Castle County, September Term, 1912.

ACTION ALS. SCI. FA. SUR JUDGMENT (No. 99, September Term, 1912), to the use of Harriet I. Newlin, administratrix *de bonis non* with will annexed of James B. Newlin, deceased, and Katie C. Phillips, Executrix of Emma A. Newlin, deceased, who was assignee of Julia A. P. Adair, against Robert Adair, administrator of Christopher B. Naudain, deceased, and others. On motion of defendants, made at the first term, that judgment be not given notwithstanding the affidavit of demand. Refused.

PENNEWILL, C. J., delivering the opinion of the court:

The affidavit of demand in the above-stated case is attacked on two grounds, viz.:

1. Because there is no averment in the affidavit that Harriet I. Newlin, the affiant, is the administratrix of James B. Newlin, deceased.

2. Because there is no averment in the affidavit that the affiant is the plaintiff in the action.

[1] In support of the first objection counsel for the defendants have cited the following Delaware cases, viz.: *Blades Lumber Co. v. Kent & Weeks Lumber Co.*, 2 *Marv.* 302, 43 *Atl.* 174; *St. Joseph's Polish Catholic B. Society v. St. Hedwig's Church*, 3 *Penn.* 229, 50 *Atl.* 535. In each of those cases the objection made to the affidavit was that it contained no averment that the corporate officer who made the affidavit was such officer, and the court sustained the objection.

We do not think those cases rule the present one. The plaintiff in each case was a corporation, and necessarily the affidavit had to be made for the corporation by an officer or agent of the company. The plaintiff itself could not make the affidavit required by the statute, and it was reasonable to hold that the officer authorized by the statute to make it should swear that he was such officer.

In the present case it is true the plaintiff sues in a representative capacity, and not in her own right, but she is the plaintiff nevertheless, and the affiant, and we think the requirement that the plaintiff shall make the affidavit is sufficiently complied with.

[2] But it is urged that the affidavit is insufficient in law because the affiant does not swear that she is the plaintiff.

The requirement of the statute is that the plaintiff shall make the affidavit. If the court are satisfied from an inspection of the affidavit that it was in fact made by the plaintiff, we think it is sufficient even though the affiant does not so expressly aver.

[3] In the present case, if the averments in the affidavit are taken in connection with the caption of the case it is manifest that the affiant is the plaintiff. The affidavit concludes with the words, "that she verily believes the same is justly and truly due from the said defendants to the said plaintiff." Undoubtedly the reference here is to the "plaintiff" mentioned in the caption of the case, and an immediate connection is thereby made between the affidavit and the caption. In a sense the caption is made a part of the affidavit.

This conclusion we think, is supported, to some extent, at least, by the decision of the court in the case of *Buker v. Carroll, et al.*, 1 *Penn.* 112, 39 *Atl.* 784, in which Judge Spruance, delivering the majority opinion said: "So far as my experience goes, it has never been the practice in ordinary suits on judgments or mortgages where *terre-tenants* are made parties defendant, to make any allegations respecting them in the body of the affidavit. *The names of the plaintiff and defendant and terre-tenant are stated in the caption of the affidavit*, and without making any allegations whatever in respect to the *terre-tenant* the party swears, as in this action, that 'hereto annexed is a duly certified transcript of the judgment (or mortgage) sued upon in this action and the sum demanded is justly and truly due.' We think this follows the ordinary practice and that it would be dangerous to require specific allegations as to how the *terre-tenant* became such."

Of course the particular question involved in that case was different from the one in the present case, but the court did recognize the caption of the case which contained the names of the par-

ties, as a part of the affidavit, and that it was unnecessary to make any specific allegations in the body of the affidavit in respect to the terre-tenant. And the court recognized the further fact, that the affidavit filed in that case, which did not contain any averment that the affiant was the plaintiff, followed the ordinary practice.

It may also be noted in this connection that, in the two other Delaware cases above mentioned, the affidavits before the court contained no express averment that the affiant was the plaintiff, and no objection was made to their sufficiency because of that fact.

We are of the opinion that the affidavit filed in this case is sufficient in law.

The affidavit being in substantial compliance with the statute, and, following the ordinary practice of this county, we think "it would be dangerous to require specific allegations" which are not required by the statute. The construction of the statute contended for by counsel for the defendants is, in our opinion, too technical, and would defeat rather than aid the plain purpose of the law.

The motion of the defendants, that judgment be not given notwithstanding the affidavit of demand, is refused.