LEWIS JERSAWIT, Receiver in equity for Remington Phonograph Corporation, a corporation of the State of Delaware, *vs.* ROY B. BANNING AND RAYMOND L. WARREN, trading as the MILFORD MUSIC AND FURNITURE COMPANY.

ACCOUNT, ACTION ON—AFFIDAVIT OF DEMAND NEED NOT EXPRESSLY STATE THAT PLAINTIFF IS THE RECEIVER.

Under *Rev. Code* 1915, § 4169, requiring plaintiff in suit on a book account to file a copy of the account with an affidavit of demand, an affidavit by plaintiff suing in the capacity of a receiver need not expressly state that plaintiff is the receiver, where the affidavit and caption clearly show that he is the plaintiff and receiver, as a receiver is not an agent or an officer of the corporation

but an officer of the court appointing him, and his appointment is for the benefit of all parties who may ultimately establish rights in the case.

(*October* 20, 1922.)

RICE and HARRINGTON, J. J., sitting.

*Charles W. Cullen* for plaintiff.

*Daniel J. Layton* for defendants.

Superior Court for Sussex County, No. 19, October Term, 1922.

Motion by defendant that judgment be refused notwithstanding plaintiff's affidavit of demand.

The defendant cited the following cases in which affidavits of demand were filed by corporations: *Wilmington Sash & Door Co. v. Taylor*, 2 *Boyce* 528, 82 *Atl.* 86; *St. Joseph's Polish Catholic Beneficial Society v. St. Hedwig's Church*, 3 *Penn.* 229, 50 *Atl.* 535; *Toerring Co. v. Moore Co.*, 1 *Boyce* 269, 75 *Atl.* 786; *Blades Lumber Co. v. Kent & Weeks Lumber Co.*, 2 *Marv.* 302, 43 *Atl.* 174.

HARRINGTON, J., delivering the opinion of the Court:

The affidavit of demand filed in this case was made by Lewis Jersawit, who is described in it as Receiver in Equity for Reminton Phonograph Corporation (a corporation of the State of Delaware).

The defendant contends that it is defective because it does not expressly state that Jersawit is the Receiver for such corporation. The statute providing for judgment at the first term, under which this affidavit is filed (*Section* 4169, *Revised Code* 1915) requires the "plaintiff," when the suit is on a book account, to file a copy of said account in the office of the Prothonotary "with an affidavit stating the sum demanded," etc.

The sole question, therefore, is whether Lewis Jersawit, Receiver, is the plaintiff. From the affidavit filed and its caption, it clearly appears that Lewis Jersawit, Receiver, is the plaintiff. *Newlin v. Adair*, 3 *Boyce* 441, 84 *Atl.* 1028. The Remington Phonograph Corporation, for whom Jersawit is Receiver, is not only not the plaintiff, but Jersawit is not even an agent or officer

of the corporation. When a receiver is appointed for a corporation, he is an officer of the Court appointing him, and his appointment is for the benefit of all parties who may ultimately establish rights in the case. *Stockbridge v. Beckwith et al.*, 6 *Del. Ch.* 72, 33 *Atl.* 620; *In re Frederica W. L. & P. Co.*, 10 *Del. Ch.* 362, 93 *Atl.* 376; *Du Pont v. Standard Arms Co.*, 9 *Del. Ch.* 324, 82 *Atl.* 692. The corporation cases cited by the plaintiff, therefore, have no application to this case.

This Court, in construing this statute (*Section* 4169, *Revised Code* 1915), has already held that where an administratrix of a deceased person is a party plaintiff, it is not necessary to expressly allege in the affidavit of demand that she is the administratrix of such person. *Newlin v. Adair*, 3 *Boyce* 441, 84 *Atl.* 1028.

In the same case it also refused to extend the statute by requiring the affiant to expressly set forth that she was the plaintiff in the action.

Lewis Jersawit, Receiver, the plaintiff, made the affidavit in this case, and under the same reasoning, it is not necessary to expressly state in the affidavit that he is the Receiver.

The affidavit of demand is, therefore, sufficient and the motion of the defendant that judgment be refused notwithstanding such affidavit is refused.