THOMAS KOURY and JOSEPH A. KOURY, trading as Koury and Lucey, *vs.* CLAYMONT DEVELOPMENT COMPANY, a corporation existing under the laws of the STATE OF DELAWARE.

1. JUDGMENT—EXEMPLIFIED RECORD HELD SUFFICIENT TO SUPPORT AFFIDAVIT OF DEMAND.

An exemplified record, under *Const. U. S. art.* 4, § 1, and *Rev. St. U. S.* § 905 (*U. S. Comp. St.* § 1519), certified by the prothonotary of a foreign court as being "a true copy * * * of the docket entries * * * as full, complete, and entire as the same remains * * * in said court" and containing a certification by the judge that the prothonotary's "certificate and attestation are in due form of law," is presumed to be a correct copy, not a transcript, of all the docket entries of that court, and is sufficient to support an affidavit of demand under *Rev. Code Del.* 1915, § 4169.

2. JUDGMENT—JURISDICTION OF FOREIGN COURT HELD PRESUMED FROM FACTS.

In an action on a judgment of a court of another state, where it appears from the exemplified record that such court was regularly constituted, had a judge, clerk, seal, and kept a record, that the action was assumpsit, and that a judgment was entered, and where no lack of jurisdiction appears from the affidavits of demand and defense filed under *Rev. Code* 1915, § 4169, jurisdiction of the foreign court will be presumed.

3. PLEADING—AFFIDAVIT OF DEMAND BASED ON FOREIGN JUDGMENT HELD SUFFICIENT, THOUGH PARTNERSHIP RELATION NOT SHOWN.

An affidavit of demand in a suit by K. and K., filed under *Rev. Code* 1915, § 4169, based on a foreign judgment in favor of K. & L. as partners, is sufficient, though it does not allege that K. and K. were plaintiffs therein, that they traded as a partnership, or that the affiant was one of the individuals trading as K. & L.

(*January*, 1923.)

RICE and HARRINGTON, J. J., sitting.

*William S. Hilles* for plaintiffs.

*Herbert H. Ward, Sr.*, (of Ward, Gray & Neary) and Caleb E. Burchenal for defendant.

Superior Court for New Castle County, January Term, 1923. No. 68, November Term, 1922.

Action of debt on an exemplified record of a judgment rendered for the plaintiffs and against the defendant by the court of common pleas of Delaware county, Pennsylvania. Plaintiffs filed an affidavit of demand and defendant filed an affidavit of defense. Case heard on motion of plaintiffs for judgment notwithstanding defendant's affidavit of defense, and on the cross motion of the defendant that judgment be refused notwithstanding plaintiff's affidavit of demand.

Plaintiffs attached to their affidavit of demand (*Section* 4169, *Rev. Code* 1915) what purported to be a copy of the Pennsylvania judgment and of all other docket entries in that case, which said copy was exemplified under the act of Congress of May 26, 1790, (*Section* 905, *Rev. Stat.* [*U. S. Comp. St.* § 1519]). This record shows that the form of the action in Pennsylvania was assumpsit; that a copy of "plaintiffs' statement of claim and rule to file an affidavit of defense" was served on the defendant January 13, 1920; that after several intermediate steps, the defendant filed an affidavit of defense; that defendant also excepted to an opinion of that court, filed October 4, 1921, to the effect that if no exceptions were filed by the defendant in thirty days after service, judgment was to be entered in favor of the plaintiffs and against the defendant for the sum of $5,326.03, with interest at six per cent. from February 1, 1920. Exceptions were filed October 21, 1921, but were dismissed March 22, 1922, "and judgment entered in

favor of plaintiff and against defendant for the sum of $5,326.03 with interest from February 1, 1920."

The prothonotary of the court of common pleas, by certificate attached to this exemplified record, certified under the seal of the court "that the above and foregoing pages comprise a true copy and correct transcript of the docket entries of the case therein set out, as full, complete and entire as the same remains on file and of record in said court." The president judge also certified that the officer so certifying was, at the time of so doing, prothonotary of the court of common pleas of Delaware county, Pennsylvania, "and that the said record, certificate and attestation are in due form of law and made by the proper officer." The usual certificate of the prothonotary that the person certifying as president judge held that position and "to all whose act as such full faith and credit are and ought to be given," was also attached.

The suit was brought by Thomas Koury and Joseph A. Koury, trading as partners, and the affidavit of demand was made by Thomas Koury, who was merely described in it as "one of the plaintiffs above named," there being no express averment that he was one of the plaintiffs.

HARRINGTON, J., delivering the opinion of the court:

[1]    *Section* 1 of article 4 of the Constitution of the United States provides that:

"Full faith and credit shall be given in each state to the public acts, records, and judicial proceedings of every other state. And the Congress may by general laws prescribe the manner in which such acts, records and proceedings shall be proved and the effect thereof."

Pursuant to this provision, on the 26th day of May, 1790, (*Section* 905, *Rev. Stat.* [*U. S. Comp. St.* § 1519]), Congress passed the following act:

"The records and judicial proceedings of the courts of any state, shall be proved or admitted in any other court within the United States by the attestation of the clerk, and the seal of the court annexed, if there be a seal, together with a certificate of the judge, chief justice, or presiding magistrate, as the case may be, that the said attestation is in due form, and the said records and judicial proceedings authenticated as aforesaid, shall have such faith and

credit given to them in every court within the United States, as they have by law or usage in the courts of the state from whence said records are or shall be taken."

It is claimed by the defendant that the certification shows that the exemplified copy of the Pennsylvania record attached to the affidavit of demand, is not a complete copy of such record, but a mere transcript thereof; that it, therefore, does not comply with this statute and that no judgment can be entered thereon.

That it is more than a transcript is shown by the certificate of the clerk of the court. He certifies that it is "a true copy and correct transcript of the docket entries in the case therein set out, as full, complete and entire as the same remains on file and of record in said court." The certificate of the judge also states that "said record, certificate and attestation (by the prothonotary) are in due form of law," etc.

*Greenleaf on Evidence, vol.* 1, § 506, with reference to this subject, says:

"If the copy produced purports to be a record and not a mere transcript of minutes from the docket, and the clerk certifies that the foregoing is truly taken from the record of the proceedings of the court, and this attestation is certified to be in due form of law by the presiding judge, it will be presumed that the paper is a full copy of the entire record and will be deemed sufficient."

*Ferguson v. Hardwood,* 7 *Cranch.* 408, 3 *L. Ed.* 386, *Shilling v. Seigle,* 207 *Pa.* 381, 56 *Atl.* 957, and *Joslin v. Fuller,* 166 *Ill. App.* 43, are to the same effect. And this rule has been applied, under similar circumstances, even though the clerk's certificate describes the paper certified to, as a transcript of the record. *McCormick v. Deaver,* 22 *Md.* 187; *Grover v. Grover,* 30 *Mo.* 400; *Woodbridge & T. E. Co. v. Ritter (C. C.),* 70 Fed. 677.

Applying the same principles to this case, the record sued on is presumed to be a complete copy of all of the docket entries in the case between the plaintiff and defendant in the Pennsylvania court and is, therefore, sufficient. While circumstances may undoubtedly arise where a full copy of both docket entries and pleadings may be necessary to constitute a record, within the meaning of the constitutional and statutory provision above referred to; for example, in cases of estoppel (*Rainey v. Hines,* 121 *N. C.* 318,

28 *S. E.* 410), a suit to recover on a judgment of another state is not in that class. *Santa Claro Valley M. & L. Co. v. Prescott*, 127 *Ill. App.* 644; *Rathbone v. Rathbone*, 10 *Pick.* [*Mass.*] 1; 13 *Am. & Eng. Ency. of Law* [2d *Ed.*] 1045; 23 *Cyc.* 1568.

Neither *Mitchell v. Ferris*, 5 *Houst.* 34, nor *Brainard v. Fowler*, 119 *Mass.* 262, cited by the defendant, are inconsistent with this conclusion.

[2]   It is further contended that the record in this case is insufficient, because it does not show the character of the cause of action sued on, and that the Pennsylvania court, therefore, had jurisdiction over the subject matter.   It shows that the proceedings in Pennsylvania were before a court, apparently regularly constituted, having a judge, a clerk, a seal, and keeping a record of its proceedings.   That the action was assumpsit and that a judgment was entered on the record of said court.   The only other evidence before us is the affidavit of demand and the affidavit of defense.   No lack of jurisdiction appears from either of these papers.   That being true, the jurisdiction of the Pennsylvania court over the subject matter is necessarily presumed. *Bogan v. Hamilton*, 90 *Ala.* 454, 8 *South.* 185;   *Pringle v. Woolworth*, 90 *N. Y.* 502; *Bank of U. S. v. Merchant's Bank of Baltimore*, 7 *Gill* (*Md.*) 415; *Bissell v. Briggs*, 9 *Mass.* 462, 6 *Am. Dec.* 88; 21 *Cyc.* 1577.

[3]   The defendant also contends that the affidavit of demand is insufficient because it does not aver that Thomas Koury and Joseph A. Koury were partners, trading as Koury & Lucey, and because it does not expressly state that the affiant was one of the members of said partnership and one of the plaintiffs in this suit. In support of this contention, it cites *Wilmington Sash & Door Co. v. Taylor*, 2 *Boyce* 528, 82 *Atl.* 86, and numerous other Delaware cases where the plaintiff was a corporation.

While the plaintiffs, in conformity with the Pennsylvania judgment, have sued as partners, that is merely a description of the manner in which the individuals trading under the name of Koury & Lucey, contracted with the defendant company in the original cause of action on which that judgment was based. *Barber v.*

*Clendaniel*, 7 *Boyce* 11, 102 *Atl.* 84. In suits by individuals, it has been held that it is not necessary for the affidavit of demand to state that the affiant is the plaintiff, or that he is a receiver for a corporation or an administrator of a deceased person, where such facts fairly appear from the caption and body of the affidavit, when read together. *Newlin v. Adair*, 3 *Boyce* 441, 84 *Atl.* 1028; *Jersawit, Receiver, v. Banning*, 2 W. W. Harr. (32 *Del.*) 47, 118 *Atl.* 727. The principles applying in these cases apply here, and the corporation cases cited by the defendant have no application. That being true, it was not necessary for the affiant to expressly allege that Thomas Koury and Joseph A. Koury were the plaintiffs, that they traded as a partnership, or that the affiant was one of the indiviuals trading as Koury & Lucey; the affidavit of demand is, therefore, sufficient. * * * * * *.

The affidavit of demand and the record sued on being sufficient and the affidavit of defense being insufficient, the motion of the plaintiffs for judgment is granted, and it is unnecessary for us to consider any other questions raised by the defendant.

· NOTE. That part of the court's opinion holding the affidavit of defense insufficient raised no new question in this state, and it was, therefore, deemed unnecessary to report it.